**Elaine L. JONES, Plaintiff,**

v.

**UNITED STATES of America et al.,
Defendant.**

**Civ. A. No. 1981–72.**

United States District Court,
District of Columbia.

May 17, 1974.

Thomas Fortune Fay, Washington, D. C., for plaintiff.

Peter R. Reilly, Asst. U. S. Atty., Washington, D.C., for defendant.

1. Since the commencement of this action, plaintiff has voluntarily retired from Federal employment.

MEMORANDUM AND ORDER

CORCORAN, District Judge.

This matter is before the Court on defendants' motion for summary judgment and plaintiff's opposition thereto.

Plaintiff's amended complaint alleges that she was denied promotional opportunities because of her race and seeks back pay, retirement benefits and injunctive relief against further discrimination at the Agency for International Development (AID).[1] To confer jurisdiction on the Court, plaintiff relies in her amended complaint exclusively upon the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16 (Supp. II, 1972), *amending* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1970). Named as defendants are the United States, AID and AID's Administrator, Daniel Parker.

I

On May 18, 1972, plaintiff filed a complaint alleging racially inspired discriminatory acts against her at AID. It is uncontroverted that the alleged discriminatory acts occurred prior to March 24, 1972, the effective date of the Equal Employment Opportunity Act of 1972 (the 1972 Act).

On May 26, 1972, AID requested the Civil Service Commission (CSC) to provide an investigator to evaluate plaintiff's complaint. The investigator filed his report with AID's Equal Employment Officer on August 22, 1972. That officer found no evidence of racial discrimination against plaintiff and on September 11, 1972, plaintiff was informed that the decision of the Equal Employment Officer was adopted as the final AID decision. Plaintiff was also informed by AID that she had further alternative rights to a full administrative hearing at AID, or to an appeal to the CSC Board of Appeals and Review, or to institute a civil action in Federal Court.[2]

2. The Court does not here concern itself with the remedies then available to the plaintiff nor do we reach the merits of

Plaintiff chose to go to Court and filed the original complaint in this action on October 3, 1972.

## II

The threshold issue is, whether the 1972 Act is retroactive, *i. e.*, whether the Act is applicable to acts of alleged discrimination in Federal Government employment which occurred prior to March 24, 1972, the effective date of the Act. ■■ The key section is Section 717 of the Civil Rights Act of 1964, 42 U.S. C. § 2000e–16 which was added by the 1972 Act. The 1972 Act is silent as to whether § 717 is to be given retroactive effect. For reasons set out hereinafter, the Court holds that the 1972 Act, insofar as it creates in Federal employees a new right to file a civil action against heads of Federal agencies[3] is not to be given retroactive effect.

Accordingly, the instant action must be dismissed for lack of subject matter jurisdiction.

## III

The Supreme Court has stated that "a law is presumed, in the absence of clear expression to the contrary, to operate prospectively." Hassett v. Welch, 303 U.S. 303, 314, 58 S.Ct. 559, 565, 82 L.Ed. 858 (1938). *See also* United States v. Union Pacific R. R., 98 U.S. 569, 606–607, 25 L.Ed. 143 (1878).

Recently, in January of this Term, the Supreme Court gave recognition to that principle in the case of Cleveland Board of Education v. LaFleur, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974). *LaFleur* held that the mandatory provisions of the maternity termination rules promulgated by school boards in Cleveland, Ohio, and Chesterfield County, Virginia, violated the Due Process Clause of the Fourteenth Amendment. In so doing, it reversed Cohen v. Chesterfield County School Board, 474 F.2d 395 (4th Cir. 1973) (*en banc*) on the due process question. It did not, however, modify the premise upon which the *Cohen* Court had proceeded to eliminate a claim under Title VII of the Civil Rights Act of 1964, as amended by the 1972 Act.

In that respect the *Cohen* Court had stated:

. . . At the time of the proceedings below, however, state agencies and educational institutions were specifically exempted from the Act. 42 U.S.C. § 2000e(b) ; 42 U.S.C. § 2000e–1. Subsequent to oral argument, these exemptions were repealed by the Equal Employment Opportunity Act of 1972, P. L. 92–261, signed by the President March 24, 1972 and effective immediately. *Rules and practices of the defendant in effect when the defendant was exempt from the Equal Employment Opp. Act cannot be the basis for a violation of that Act.* This opinion accordingly is limited to consideration of the rights and liabilities of the parties under the Equal Protection Clause of the Fourteenth Amendment. 474 F.2d at 396 n. 1 (emphasis added).

The Supreme Court in *LaFleur* let that premise stand when it noted:

. . . The practical impact of our decision in the present cases may have been somewhat lessened by several recent developments. At the time that the teachers in these cases were placed on maternity leave, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., did not apply to state agencies and educational institutions.

plaintiff's complaint. The Court is concerned with the fundamental question of whether this Court has jurisdiction to entertain this action. That question is one of law in the exclusive province of the Court, not the agency. Of course, both before and after the passage of the 1972 Act, AID had jurisdiction to consider a discrimination complaint by one of its own employees. [For the current Civil Service Commission administrative remedies, *see* 5 C.F.R. §§ 713.211–713.222 (1974).]

3. In this regard, it is to be noted that the only proper defendant in such a case is the head of an agency. 42 U.S.C. § 2000e–16(c). In the case at bar, then, the United States and AID were clearly not proper party defendants.

42 U.S.C. §§ 2000e-1 and 2000e(b) (1970). On March 27, 1972, however, the Equal Employment Act of 1972 amended Title VII to withdraw those exemptions . . . . *While the statutory amendments and the administrative regulations are of course inapplicable to the cases now before us,* they will affect like suits in the future. 94 S.Ct. at 795 n. 8 (emphasis added).

To this Court, the foregoing is a clear recognition that the 1972 Act as applied to public and Federal employees is not to be given retroactive effect.[4]

This conclusion is buttressed by a comparison of other provisions of the 1972 Act. Section 717 of Title VII was enacted by Section 11 of the 1972 Act (Pub.L.No. 92-261, March 24, 1972, 86 Stat. 103, 111). Section 14 of Pub.L.No. 92-261 provides that "the amendments made by this Act to Section 706 of the Civil Rights Act of 1964 shall be applicable with respect to charges pending with the Commission on the date of enactment of this Act and all charges filed thereafter." 86 Stat. 113. Section 706 of the 1964 Act is codified at 42 U.S.C. § 2000e-5. The "Commission" referred to in Section 14 of the 1972 Act is the Equal Employment Opportunity Commission (EEOC). *See* 42 U.S.C. § 2000e-4(a). Thus, Congress dealt with the question of retroactivity in the private field when it felt that retroactive application of the 1972 amendments was necessary, *i. e.,* those private sector Title VII cases pending before the EEOC on March 24, 1972, were given retroactive effect. However, any discrimination complaint pending before the CSC was not affected by the 1972 Act.[5] Clearly,

then, the 1972 Act, insofar as it relates to Federal Government employment, was not intended by Congress to apply retroactively.

In the instant case, since all of the alleged discriminatory acts occurred prior to March 24, 1972, the effective date of the 1972 Act, this Court is without subject matter jurisdiction over plaintiff's amended complaint, and therefore the action must be dismissed.

4. Several lower court decisions preceding *Cohen* and *LaFleur* had held that the 1972 amendments as applied to Federal employees were not retroactive. *See, e. g.,* Palmer v. Rogers, 6 E.P.D. § 8822 (D.D.C.1973) (Flannery, J.), *appeal pending sub nom.* Palmer v. Kissinger, No. 73-2110. *See also* Feiger v. Warner, Civil No. 73-207-E (S.D. Cal. July 5, 1973) ; Hill-Vincent v. Richardson, 359 F.Supp. 308 (N.D.Ill.1973). *But see* Hackley v. Johnson, 360 F.Supp. 1247,

1249 n. 1 (D.D.C.1973) (Gesell, J.) ; Walker v. Kleindienst, 357 F.Supp. 749 (D.D.C. 1973) (Smith, J.) ; Johnson v. Froehlke, 5 E.P.D. § 8638 (D.Md.1973).

5. The application of Section 14 of the 1972 Act to pending EEOC cases is a classic example of the principle of *expressio unius est exclusio alterius.* 2A G. Sutherland, Statutes and Statutory Construction § 47.23 (4th ed. 1973).