Deloris U. BROOKS, Plaintiff,

v.

Claude S. BRINEGAR, Individually and as Secretary of the Department of Transportation, and the United States Civil Service Commission, Defendants.

Civ. No. 74–662–D.

United States District Court,
W. D. Oklahoma,
Civil Division.

Dec. 6, 1974.

Henry W. Floyd, Oklahoma City, Okl., for plaintiff.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff alleges that she is a black citizen of the United States and the State of Oklahoma, and is employed by the United States Department of Transportation (Department) at the F. A.A. Center in Oklahoma City, Oklahoma. Plaintiff brings this action seeking both damages and injunctive relief to redress certain alleged reprisals alleg-. edly taken against her because she filed a complaint of racial discrimination with the Department. Plaintiff relies on 5 U.S.C. § 702, 28 U.S.C. §§ 1331, 1343, 2201, 42 U.S.C. §§ 1981, 1983 and 2000e–16(c). This suit is a civil action based on alleged discriminatory employ-ment practices by a Federal agency and, as such, the only proper party Defendant is the head of the involved agency. Jones v. United States, 376 F.Supp. 13 (D.C.D.C.1974). Furthermore, it is basic that the United States cannot be sued without its consent. United States v. Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327. This being a suit against a Federal agency, the authority to sue it must be found in specific statutory language, or must be implied by virtue of the Agency's being the offspring of a suable entity. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952). It does not appear that the Department is the offspring of a suable entity, and it is apparent that none of the statutes relied on by Plaintiff, except 42 U.S.C. § 2000e–16(c), confers upon her the authority to sue an agency of the United States. Defendant Claude S. Brinegar as an individual is not a proper party defendant.

Plaintiff alleges in her Complaint that she filed a complaint of racial discrimination with the Department. This complaint was found by the Defendant to be without merit. Plaintiff appealed the Department's decision to the United States Civil Service Commission. Plaintiff does not assert the result of this appeal. Plaintiff alleges that reprisals were taken against her because she filed the complaint of racial discrimination. Plaintiff then filed a second complaint with the Department based on these alleged reprisals. This second complaint was also found to be without merit by the Department. Plaintiff does not allege that this decision was appealed to the Civil Service Commission. It is this complaint of reprisals with which this lawsuit is concerned. Plaintiff alleges that she was notified of the Department's adverse decision on her second complaint on July 3, 1974. This lawsuit was filed on August 2, 1974.

Defendant has filed a Motion to Dismiss for lack of jurisdiction pursuant to the provisions of Rule 12(b)(1), Federal Rules of Civil Procedure. Defendant has submitted materials outside the

pleadings with his Motion which show that the Department's decision on the complaint of reprisals was rendered on June 26, 1974. Plaintiff has alleged that she received notice of this decision on July 3, 1974. Defendant has submitted materials outside the pleadings with his Motion which show that Plaintiff appealed the second adverse decision of the Department made on June 26, 1974 to the Civil Service Commission and did so on July 8, 1974 and it is Defendant's position that Plaintiff, having filed an administrative appeal of the Department's decision on her second complaint, is precluded by the terms of 42 U.S.C. § 2000e–16(c) from bringing a civil action on the same complaint until one hundred and eighty days after the filing of the administrative appeal.

■ The procedure to be followed by a trial court in determining its jurisdiction if not prescribed by statute but is discretionary with the trial court. Tanzymore v. Bethlehem Steel Corporation, 457 F.2d 1320 (Third Cir. 1972); Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111. It is well settled that a Movant may submit affidavits and other materials outside the pleadings in support of a Rule 12(b)(1) Motion to Dismiss. 5 Federal Practice & Procedure, Wright and Miller, 1350; Tanzymore v. Bethlehem Steel Corporation, *supra*; Kerr v. Raney, 305 F.Supp. 1152 (W.D. Ark.1969). When a jurisdictional fact is controverted, it is the burden of the party asserting jurisdiction to show that the Federal court has jurisdiction. Tanzymore v. Bethlehem Steel Corporation, *supra*; Gibbs v. Buck, *supra*. However, when jurisdiction is challenged, the party asserting jurisdiction should be given the opportunity to present facts by affidavits, depositions, or by an evidentiary hearing, in support of his jurisdictional contentions. Local 336, American Fed. of Musicians, AFL–CIO v. Bonatz, 475 F.2d 433 (Third Cir. 1973).

Plaintiff has had ample opportunity to respond to Defendant's Motion to Dismiss. Defendant's Motion was filed on September 3, 1974. Plaintiff was given a thirty day extension of time in which to respond to Defendant's Motion. Plaintiff filed her response on October 30, 1974. Plaintiff does not in any way deny that she appealed the Department's adverse decision on her complaint of reprisals to the Civil Service Commission. She has submitted no affidavit denying the appeal, nor is the appeal expressly denied in any of Plaintiff's pleadings submitted subsequent to the filing of Defendant's Motion. Therefore, the Court finds and concludes that Plaintiff appealed the Department's adverse decision on her complaint of reprisals to the United States Civil Service Commission on July 8, 1974. This information is derived from the materials submitted by Defendant in support of its Motion to Dismiss. These materials are certified copies of documents from the files of the United States Civil Service Commission relating to a complaint of reprisals filed by Deloris U. Brooks, an employee of the Federal Aviation Administration.

■ It is Plaintiff's position that she has the right to bring this suit because it was filed within thirty days of her receipt of notice of the Department's adverse decision on her complaint of reprisals. As will later be seen, 42 U.S.C. § 2000e–16(c) requires that an aggrieved employee wait one hundred and eighty days after the filing of an administrative appeal with the Civil Service Commission of an adverse decision of the Department with which he filed a complaint based on discrimination before filing a civil action on the same complaint. Plaintiff filed an administrative appeal with the Civil Service Commission on July 8, 1974. She filed this civil action on August 2, 1974. The question which must be determined by this Court is whether Plaintiff having filed an administrative appeal must wait one hundred and eighty days after filing the administrative appeal to bring a civil action on the same complaint if no action has been taken by the Civil Service Commission by that time. 42 U.S.C. § 2000e–16(c) provides:

"(c) Within thirty days of receipt of notice of final action taken by a de-

partment, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or natural origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."

While this is not the most precisely drawn statute one might hope for, the Congressional intent seems clear. Where the language of a statute is plain and unambiguous there is no occasion for construction, the statute must be given effect according to its plain and obvious meaning. 82 C.J.S. Statutes § 322(b)(2). The intention of the legislative body with regard to a particular statute is to be ascertained primarily from the language of the statute itself. 82 C.J.S. Statutes § 322(b)(1). The Congressional intention in this statute seems to be clear with regard to the times when a civil action on a complaint of racial discrimination may be brought. An employee who is aggrieved by what he considers to be discrimination in federal employment must first file a complaint with his department, agency or unit. If he is aggrieved by the final de-

cision of his department, agency or unit he may 1) bring a civil action pursuant to 42 U.S.C. § 2000e–5 within thirty days of receipt of notice of the final action taken by the department, agency or unit on his complaint of discrimination, or 2) appeal the decision of the department, agency, or unit, to the Civil Service Commission according to the provisions of subsection (a) of 42 U.S.C. 2000e–16. If no action is taken by the employee's department, agency, or unit within one hundred and eighty days of his filing of a complaint of discrimination, the employee may file a civil action according to the provisions of 42 U.S.C. § 2000e–5. The employee who files an administrative appeal with the Civil Service Commission in accordance with 42 U.S.C. § 2000e–16(a) may bring a civil action in accordance with the provisions of 42 U.S.C. § 2000e–5 if no action has been taken on his appeal within one hundred and eighty days or within thirty days after receipt of notice of final action by the Civil Service Commission.

The Congressional intent seems clear that if an employee files an administrative appeal, he must wait one hundred and eighty days to proceed judicially, which he may do if the Commission has not taken action by that time. The employee may bring a civil action within thirty days of receipt of notice of the Commission's action on his appeal if the Commission reaches a decision within one hundred and eighty days. The intent of Congress was to make these avenues of appeal mutually exclusive. Why else would the one hundred eighty day waiting limit have been included in the statute? Plaintiff can bring a civil action on her complaint if the Commission has not reached a decision within one hundred and eighty days, or she may bring a civil action within thirty days of the Commission's decision if the Commission reaches its decision within one hundred and eighty days. Plaintiff has not met either of these requirements and her Complaint herein should therefore be dismissed.