**Gladys ROYAL, Plaintiff,**

v.

**Bob BERGLAND et al., Defendants.**

**Civ. A. No. 76–0083.**

United States District Court,
District of Columbia.

Feb. 2, 1977.

Gladys Royal, pro se.

Bruce E. Titus, Atty., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM–ORDER

GASCH, District Judge.

This is an action for declaratory and injunctive relief and damages for discrimination on account of race, religion, sex and national origin in federal employment, specifically, by the Department of Agriculture. Plaintiff seeks to base this action on the Fifth Amendment to the Constitution, the Civil Rights Act of 1866, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, Executive Order 11478, and 34 C.F.R. § 12,985. Plaintiff has named as defendants, in addition to the head of the Department involved

in this action, the Secretary of Agriculture, eight other officials of the Department of Agriculture and the Civil Service Commission. This action is now before this Court on the motion of defendants to dismiss the complaint as to all defendants except the Secretary of Agriculture and to dismiss certain of plaintiff's claims set forth in her complaint, and plaintiff's opposition thereto.

■ Although defendants have not moved to dismiss plaintiff's claims based on the Fifth Amendment, the Civil Rights Act of 1866, 42 U.S.C. § 1981, Executive Order 11478, and 34 C.F.R. § 12,985, these claims will be dismissed *sua sponte* by the Court. Since Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.,* is the exclusive remedy for discrimination in federal employment, *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), these claims which are not based on Title VII must be dismissed.

■ Defendants also seek dismissal of the complaint as to all defendants except the Secretary of Agriculture. As noted, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.,* is the exclusive remedy for discrimination in federal employment. Pursuant to section 717(c) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16(c), only the head of the agency, unit or department involved, as appropriate, is a proper defendant in a Title VII action. *See Brooks v. Brinegar,* 391 F.Supp. 710 (W.D.Okla.1974);

*Jones v. United States,* 376 F.Supp. 13 (D.D.C.1974). The Department involved in the instant action is the Department of Agriculture. Consequently, only the Secretary of Agriculture is a proper defendant in this action, and the complaint must be dismissed as to the other eight defendants.[1]

■ Plaintiff's complaint must also be dismissed except as to plaintiff's claims with respect to the failure to promote her to the position of Assistant Deputy Administrator for Family Consumer Services Programs, GS–401–15,[2] in August of 1974 and harassment by the Department of Agriculture. Pursuant to section 717(c) of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16(c), this Court has subject matter jurisdiction only over civil actions instituted within 30 days of the plaintiff's receipt of notice of final action taken by a department, agency or unit or by the Civil Service Commission. *See Brown v. General Services Administration, supra, Gissen v. Tackman,* 537 F.2d 784 (3rd Cir. 1976). This action was instituted on January 14, 1976. The only final action which plaintiff received notice of within 30 days prior thereto was the December 12, 1975 decision of the Appeals Review Board of the Civil Service Commission.[3] This decision concerned only plaintiff's claims with respect to the failure to promote her to the Assistant Deputy Administrator for Family Consumer Service Programs position and harassment by the Department of Agriculture. Consequently, only those two claims are properly before this Court.

1. In addition, this complaint must be dismissed as to these eight defendants in their individual capacities because they have not been served in accordance with Rule 4(d)(1) of the Federal Rules of Civil Procedure. See affidavits of James D. Keast, Dorothy B. Bartley, Gloria V. Glass, and Georgia Metropolos, Exhibits A, B, C and D attached to defendants' Motion to Dismiss, filed December 23, 1976. Plaintiff has not disputed the averments in these affidavits.

2. This position has also been referred to or called the Coordinator of Home Economics.

3. Plaintiff has filed three administrative complaints prior to her administrative complaint of October 18, 1974 which resulted in the December 12, 1976 Appeals Review Board decision.

At oral argument plaintiff conceded that these three prior administrative complaints resulted in final agency decisions, notice of which she received more than 30 days prior to the commencement of this action. In addition, on November 8, 1974 the Assistant Secretary for Administration and Director of Equal Employment Opportunity, Department of Agriculture, dismissed all of plaintiff's claims set forth in her October 18, 1974 administrative complaint except those pertaining to the failure to promote plaintiff to the position of Coordinator, Home Economics in August of 1974 and harassment. Only these latter two claims were presented to the Appeals Review Board.

For the reasons set forth above, it is by this Court this 2nd day of February, 1977

ORDERED that defendants' motion to dismiss be, and hereby is, granted, and it is further

ORDERED that this action be, and hereby is dismissed as to each of the defendants except the Secretary of Agriculture, and it is further

ORDERED that plaintiff's complaint be, and hereby is, dismissed except for plaintiff's claims concerning the failure to promote her to the position of Assistant Deputy Administrator for Family Consumer Services Programs and harassment by the Department of Agriculture, and it is further

ORDERED that plaintiff's claims which are not based on Title VII of the Civil Rights Act of 1964, as amended, be, and hereby are, dismissed.