Sherman DAVIS, Jr., Plaintiff,

v.

Thomas C. REED et al., Defendants.

No. CIV–76–0062–D.

United States District Court,
W. D. Oklahoma.

April 20, 1977.

Henry W. Floyd, Oklahoma City, Okl., for plaintiff.

David Russell, U. S. Atty. by William S. Price, Asst. U. S. Atty., Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

In this action Sherman Davis, Jr. sues the above captioned Defendants for redress of alleged acts of race discrimination in Federal employment. The action is alleged to arise under 42 U.S.C. §§ 1981 and 2000e–16, the Thirteenth Amendment and Executive Orders 11246 and 11375. Jurisdiction is alleged under 28 U.S.C. §§ 1331 and 1343(4).

Plaintiff alleges that he is a black male citizen of the United States and the State of Oklahoma; that he is a civilian employee

of Altus Air Force Base; that he applied for the position of Assistant Warehouse Foreman and was not selected for said position while a Caucasian employee with less years of service and experience received the position; and that he filed a complaint of racial discrimination and was notified by the Department of the Air Force of his right to sue within thirty days. Plaintiff seeks actual damages in an unspecified amount; $100,000.00 punitive damages against each of the Defendants; and a permanent injunction restraining Defendants from interfering with his civil rights.

Defendants have filed herein a Motion to Dismiss pursuant to Rule 12(b), Federal Rules of Civil Procedure, and Plaintiff has filed a Response and Brief to said Motion.

In support of their Motion, Defendants contend that the only basis for jurisdiction over alleged complaints for discrimination in Federal employment is 42 U.S.C. § 2000e–16 and that as this section only allows for jurisdiction over the head of an agency in his official capacity and preempts other jurisdictional statutes, all Defendants except Defendant Reed in his official capacity should be dismissed; all Defendants should be dismissed in their individual capacity as they are immune from such a suit under the doctrine of official immunity and as they were acting within the scope of their official duties as employees of the United States; the allegations and prayer for punitive damages should be stricken as this action is against the United States and the United States is not liable for exemplary damages; and that 42 U.S.C. § 2000e–5(g) and (k) limit the damages recoverable under 42 U.S.C. § 2000e–16 to two years adjusted back pay and counsel fees.

 The Court clearly has jurisdiction of Plaintiff's action by virtue of 42 U.S.C. § 2000e–16. This section is a 1972 amendment to the Civil Rights Act of 1964. It is designed to enforce in the Federal sector the same equal employment opportunities that were created in the private sector by the 1964 Act. See 1972 U.S.Cong. and Admin.News pp. 2157–2160. 42 U.S.C. § 2000e–16 provides the exclusive judicial remedy for claims of discrimination in Fed-

eral employment. *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Allen v. Crosby,* 416 F.Supp. 1092 (E.D.Pa.1976); *Tomlin v. United States Air Force Medical Center,* 369 F.Supp. 353 (S.D.Ohio 1974). Thus, the Court lacks jurisdiction of this action insofar as it is against the United States and is based on 42 U.S.C. § 1981, the Thirteenth Amendment, and Executive Orders 11246 and 11375.

 A suit is against the United States even though only individual Federal officers are named as defendants if the judgment sought would expend itself of the public treasury or domain, interfere with the public administration, or if its effect would be to restrain the Government from acting or to compel it to act. *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Johnson v. Mathews,* 539 F.2d 1111 (8 Cir. 1976); *Alabama Rural Fire Insurance Co. v. Naylor,* 530 F.2d 1221 (5 Cir. 1976). Plaintiff seeks back pay and an injunction. An award of back pay would obviously expend itself of the public treasury and an injunction would obviously interfere with the public administration. Thus, this action is against the United States insofar as back pay and injunctive relief are sought. However, Plaintiff also seeks punitive damages and it appears that he is suing the Defendants in their individual capacities to obtain this relief.

 As a general rule Federal officials are not personally liable for their actions. *Dewell v. Lawson,* 489 F.2d 877 (10 Cir. 1974); *Morgan v. Willingham,* 424 F.2d 200 (10 Cir. 1970); *Garner v. Rathburn,* 346 F.2d 55 (10 Cir. 1965). The exception to this rule is that a Federal officer may be held to be personally liable for *ultra vires* acts. Such acts are acts beyond the official's statutory authority, acts taken pursuant to constitutionally void powers, or acts exercised in a constitutionally void manner. *Dugan v. Rank, supra ; Larson v. Domestic and Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). Thus, the Court should consider whether the acts of Defendants which are complained of by Plaintiff herein are within the *Larson-Dugan* exception to sovereign immunity. See

*Petterway v. Veterans Administration Hospital, Houston, Tex.,* 495 F.2d 1223 (5 Cir. 1974).

 The doctrine of *respondeat superior* has no application in civil rights suits. *Draeger v. Grand Central, Inc.,* 504 F.2d 142 (10 Cir. 1974); *Weiss v. J. C. Penney Co.,* 414 F.Supp. 52 (N.D.Ill.1976); *Barrows v. Faulkner,* 327 F.Supp. 1190 (N.D.Okl.1971). Thus, in order to be held personally liable under 42 U.S.C. § 1981 the Defendants would have to be directly and personally involved in a deprivation of Plaintiff's equal employment rights. Plaintiff has failed to allege direct personal involvement on the part of any of the Defendants. Therefore, Plaintiff's 42 U.S.C. § 1981 *ultra vires* cause of action should be dismissed for failure to state a claim upon which relief can be granted.

 With regard to Plaintiff's cause of action under 42 U.S.C. § 2000e–16, the Court finds that Plaintiff's suit is a civil action for alleged discriminatory employment practices by a Federal agency and, as such, the only proper party defendant is the head of the involved agency. *Brooks v. Brinegar,* 391 F.Supp. 710 (W.D.Okl.1974); *Jones v. United States,* 376 F.Supp. 13 (D.D. C.1974). Therefore, only Defendant Reed in his official capacity is a proper party defendant to this action and all other Defendants should be dismissed.

 42 U.S.C. § 2000e–16(d) provides that the provisions of 42 U.S.C. § 2000e–5(g) through (k) shall govern actions brought under § 2000e–16. 42 U.S.C. §§ 2000e–5(g)[1] and (k)[2] specify what relief may be awarded by the court in an action brought under Title VII of the Civil Rights Act of 1964[3] for alleged discrimination in employment and these sections do not authorize an award of punitive damages in such an action. *Equal Employment Opportunity Commission v. Detroit Edison Co.,* 515 F.2d 301 (6 Cir. 1975); *Loo v. Gerarge,* 374 F.Supp. 1338 (D.Hawaii 1974); *Howard v. Lockheed-Georgia Co.,* 372 F.Supp. 854 (N.D.Ga.1974); *Reid v. Memphis Publishing Co.,* 369 F.Supp. 684 (W.D.Tenn.1973), aff'd., 521 F.2d 512 (6 Cir. 1975); *Van Hoomissen v. Xerox Corp.,* 368 F.Supp. 829 (N.D.Cal.1973). Therefore, Plaintiff's allegations and prayer for punitive damages should be stricken as requested by Defendants.

Defendant Reed is directed to Answer Plaintiff's Complaint within 20 days of this date.

---

1. 42 U.S.C. § 2000e–5(g) provides in part:
 "If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . or any other equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission. . . ."

2. 42 U.S.C. § 2000e–5(k) provides in part:
 "[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . ."

3. 42 U.S.C. § 2000e et seq.