**Rita F. CARVER, Plaintiff,**

v.

**VETERANS ADMINISTRATION et al., Defendants.**

No. CIV–2–76–92.

United States District Court, E. D. Tennessee, Northeastern Division.

Nov. 15, 1978.

Lynn M. Lauderback, Boyd, Lauderback & Snodgrass, and Richard E. Hopson, Dillow & Hopson, Kingsport, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty. and Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

This is a civil action seeking money damages " * * * instituted pursuant to the provisions of 42 U.S.C. § 1981, et seq. and § 2000e, et seq. * * * " to redress alleged discrimination in federal employment. The parties defendant herein are the United States Veterans Administration, which is the plaintiff's employer, and certain of its officers and employees.

Pretermitting all other matters pending herein, the Court must determine whether it has jurisdiction of the subject matter. *Memphis Am. Fed. of Tchrs., L. 2032 v. Bd. of Ed.*, C.A. 6th (1976), 534 F.2d 699, 701[1]. This Court is not at liberty to " * * * assume the existence of [its] jurisdiction * * * [for] without a finding that there is federal jurisdiction over a particular claim for relief the federal courts are without power to proceed. * * * " *Ibid.*, cit-

ing *Ex Parte McCardle* (1868), 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264, 265. Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss this action. Rule 12(h)(3), Federal Rules of Civil Procedure.

■ The Supreme Court recently held that 42 U.S.C. § 2000e–16 " * * * provides the exclusive judicial remedy for claims of discrimination in federal employment. * * * " *Brown v. General Services Administration* (1976), 402 U.S. 820, 834, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402, 413[1b].[1] Thus, as to the plaintiff's claims herein, based on 42 U.S.C. " * * * § 1981, et seq. * * * ", and only such claims, this Court lacks jurisdiction of the subject matter and the same hereby are DISMISSED. Rule 12(h)(3), Federal Rules of Civil Procedure.

■ The plaintiff has, however, properly invoked the Court's jurisdiction as to her claim under 42 U.S.C. § 2000e–16(c). The complaint avers that the " * * * [p]laintiff has exhausted all administrative remedies as set out in the applicable statutes and that all conditions precedent have been fulfilled. * * * " Counsel for the plaintiff represented (by brief) that this action was commenced " * * * within the 30-day period following her [the plaintiff's] receipt of the final disposition of [her appeal to] the Civil Service Commission. * * * " Thus, the required jurisdictional preconditions appear to have been met. See: 42 U.S.C. § 2000e–16(c); *Brown v. General Services Administration, supra,* 402 U.S. at 834, 96 S.Ct. at 1969, 48 L.Ed.(2d) at 413[6]. Nevertheless, since such statutory provision provides that " * * * the head of the department, agency, or unit, as appropriate, shall be the defendant, * * * " the

plaintiff hereby is ALLOWED 10 days herefrom in which to amend her complaint so as to name the proper party defendant herein.[2]

The plaintiff moved the Court for a judgment on the pleadings, Rule 12(c), Federal Rules of Civil Procedure, and to strike the defenses asserted herein by the defendants. The thrust of each such motion is an application for the granting to the plaintiff of the relief sought herein on the failure of the defendants to answer or otherwise defend in a timely manner. Rule 12(a), Federal Rules of Civil Procedure. The service of the respective summonses and complaints herein was perfected on June 30, 1976; however, no answer or other response was filed on behalf of any defendant until October 20, 1976, when the United States attorney for this district moved, apparently on behalf of all such defendants, for a dismissal hereof, citing numerous grounds therefor. Rules 12(b)(1), (2), (6), (7), Federal Rules of Civil Procedure.

As just stated, the proper party defendant is, not those presently named as defendants, but the pertinent agency head. This Court has no power to impose any sanctions upon that official herein unless and until it obtains " * * * power over the defendant's person. * * * " See *International Shoe Co. v. State of Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 101–102. For that reason, such motion of the plaintiff is rendered MOOT.

## ON MOTION FOR CLARIFICATION

The plaintiff moved the Court for " * * * a clarification * * * " of its memoranda opinions and orders herein of November 15, 1976. The Court is unadvised just how to render those documents any clearer than they are: *viz.,* the plaintiff

---

1. In *Brown, supra,* the complaint alleged jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; under 28 U.S.C. § 1331 (general federal question jurisdiction); under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202; and under the Civil Rights Act of 1866, 42 U.S.C. § 1981. *Ibid.,* 402 U.S. at 823, 96 S.Ct. at 1963, 48 L.Ed.(2d) at 406[1a].

2. In an action such as this, the only proper party defendant is the head of the federal agency involved. *Brooks v. Brinegar,* D.C.Okl. (1974), 391 F.Supp. 710, 711[1]; *Jones v. United States,* D.C.D.C. (1974), 376 F.Supp. 13, 14[1], n. 3; see also *Hunt v. Schlesinger,* D.C. Tenn. (1974), 389 F.Supp. 725, 729[9].

commenced this action against a governmental agency and certain persons alleged to be connected officially with it; she undertook improvidently to invoke the jurisdiction of this Court against her government-employer under the provisions of 42 U.S.C. §§ 1981, et seq., as well as §§ 2000e, et seq.; the Court ruled that its jurisdiction had not been invoked properly herein under the provisions of 42 U.S.C. §§ 1981, et seq., that its jurisdiction had been invoked properly under the provisions of 42 U.S.C. § 2000e–16(c), but that the head of the named agency, rather than the agency, itself, is the only appropriate defendant thereunder; and the plaintiff was allowed 10 days in which to name by amendment the proper defendant as such.

The plaintiff submitted with such motion the affidavit of her counsel insisting that the defendant Mr. Robert L. Rodebush is the head of the agency which was sued originally and improperly. However that may be, neither Mr. Rodebush or anyone else was sued *in* that capacity herein, and the plaintiff was given time in which to make the head of the sued agency the defendant herein. She hereby is ALLOWED 10 days more in which to *so amend her complaint*! Her proposed amendment should also delete any *other* defendants.