Olga DiMAGGIO

v.

**UNITED STATES POSTAL SERVICE; William Bolger, Postmaster General, USPS; Gerald Bourgault, Postmaster, Niantic Post Office, in His Individual and Official Capacity; Anthony Facas, Postmaster, New London Postal Service, in His Individual and Official Capacity; James Flemming, Supervisor, Niantic Post Office, in His Individual and Official Capacity and Richard Makover, M.D.**

Civ. No. H–83–455.

United States District Court,
D. Connecticut.

March 28, 1984.

Margaret G. Dean, New Haven, Conn., for plaintiff.

W. Phillip Jones, Asst. U.S. Atty., Hartford, Conn., Anthony W. DuComb, Sr. Atty., U.S. Postal Services, Office of Labor Law, Washington, D.C., for Federal defendants.

## RULING ON FEDERAL DEFENDANTS' MOTION FOR PARTIAL DISMISSAL, OR, IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT

CLARIE, Senior District Judge.

The federal defendants have moved pursuant to Rule 12(b), Fed.R.Civ.P., for partial dismissal, or, in the alternative under Rule 56, Fed.R.Civ.P., for partial summary judgment. The action arises out of a series of alleged adverse personnel actions against the plaintiff Olga DiMaggio by certain supervisory employees at the Niantic, Connecticut Post Office. The plaintiff asserts causes of action including sex and handicap discrimination, sexual; harassment and retaliation. The plaintiff has brought this suit pursuant to 42 U.S.C. § 2000e–16, 42 U.S.C. § 1985(3), the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.* and the First, Fourth and Fifth Amendments to the United States Constitution and related Connecticut constitutional provisions. The Court finds that the claims under the Connecticut and Federal Constitutions, as well as the claims based on § 1985(3), must be dismissed, pursuant to the teachings in *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1975). Furthermore, the action should be dismissed against all named defendants, except William F. Bolger, Postmaster General, as being improperly named defendants under 42 U.S.C. § 2000e–16(c). The plaintiff's 1981 sex discrimination claim is dismissed as a result of the plaintiff's failure to exhaust her administrative remedies and her untimely filing in this Court. The Court denies the defendants' motion to dismiss the 1981 Rehabilitation Act claim without prejudice to its being renewed at the close of the plaintiff's case. Finally, the Court grants the defendants' motion to dismiss the plaintiff's 1978, 1979, and 1980 discrimination claims as untimely and inappropriate under her continuing violation theory.

## Facts

The plaintiff *Olga DiMaggion* was a mail distribution clerk at the Niantic Post Office in Niantic, Connecticut, in April 1978. She filed this action naming federal defendants, Gerald Bourgault, Postmaster, Niantic Post Office; Anthony Facas, Postmaster, New London; and James Flemming, Supervisor, Niantic Post Office; in their individual and official capacities; William F. Bolger, Postmaster General, in his official capacity; and the United States Postal Service (USPS). She alleges a violation of her rights under (1) Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e–16; (2) 42 U.S.C. § 1985(3); (3) the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.;* (4) the First, Fourth and Fifth Amendments to the United States Constitution; and (5) miscellaneous and unspecified rights claimed under the Connecticut Constitution and state tort law.

These alleged causes of action arise from adverse personnel actions taken by the federal defendants against the plaintiff. Her claims include the following: (1) sexual harassment by the defendant Bourgault in 1978; (2) sexually-discriminatory, retaliatory, forced maternity leave in 1979; (3) sexual harassment by Bourgault in 1980, and (4) sex and handicap discrimination and reprisal for EEO action in 1981.

The plaintiff worked as a distribution window clerk at Niantic, Connecticut from April 1978 until September 1981. During this period, that Post Office employed three employees (including the plaintiff) as part-time flexible workers. These employees were assigned variable hours on a weekly basis. The other two employees were males.

The plaintiff claims that within three to four weeks of the commencement of her employment at the Niantic Post Office, the defendant Bourgault started to sexually harass her by means of suggestive words and conduct. Early in 1979, the plaintiff became pregnant. She claims that Bourgault's sexual harassment continued and that he treated her differently in her employment due to the pregnancy. In July, 1979, the plaintiff filed an informal EEO complaint alleging sexual harassment during the years 1978 and 1979, and discrimination based on sex in 1979. The plaintiff was shortly thereafter placed on forced maternity leave. Although she did not claim retaliation at that time, she has included such a claim in this action.

After the birth of her child, she returned to work, and alleged that she was subjected to further sexual harassment and unlawful discrimination. In her formal EEO complaint, she sought (1) equalization of hours between herself and the male flexibles; (2) money damages representing the differential between the hours worked by her and the male flexibles; (3) a fixed schedule where possible; (4) back wages for the period of forced leave; and (5) a cessation of harassment. The Postal Service Regional Director of Employee and Labor Relations issued a final disposition of her EEO complaint on April 30, 1982. The Postal Service official found no evidence of sexual harassment but found sexual discrimination in the evidence of discrepancies in the scheduling and allocation of hours between the plaintiff and male flexibles, and in the forced maternity leave.

As a result, the plaintiff received back pay for the time she was on forced leave and for the differential in working hours between the plaintiff and her male co-workers. The plaintiff was informed at this time of her right of appeal or to bring a civil action within the appropriate time limits.

She filed a second EEO complaint in September 1980 alleging reprisal for her prior EEO complaint. The plaintiff alleged harassment and discrimination during this period as well, although the original EEO complaint did not explicitly contain such charges. The final expedited decision was dated December 8, 1980. The plaintiff received notice on December 23, 1980 that the evidence did not support her retaliation claim and was told of her right to request a limited review; however, the plaintiff requested no such appellate review.

The plaintiff commenced her third EEO complaint in August 1981, alleging that she was being terminated in reprisal for previous EEO actions. The case was initiated upon receipt of a Separation-Disability letter informing the plaintiff she would be discharged based on the results of a medical examination and a psychiatric evaluation performed by Dr. Richard Makover, a retained, independent physician and a non-federal defendant in this case. (*See* Ruling on Motion to Dismiss of the Defendant, Richard Makover, of this date). On May 18, 1983, a final agency decision found the plaintiff unable to perform the duties required of her as a postal worker and that she was unemployable by the USPS. The plaintiff received notice of this action and her appellate rights on May 28, 1983.

The plaintiff alleged in her complaint that the physical and psychiatric examinations are not competent to be used as the basis for her termination from employment. She claims that Dr. Berrerra, who conducted the physical examination, was not an independent physician due to an unspecified prior relationship with defendant Bourgault. She claims further that Dr. Makover, the psychiatrist, was not an impartial doctor and that he had, in fact, conspired with the postal service to deny her employment in violation of 42 U.S.C. § 1985(3). In addition, she asserts that proper procedure was not followed by the USPC in initiating the psychiatric examinations. The actions leading to termination are claimed to have resulted from retaliation for prior EEO actions.

The plaintiff began her final EEO action September 29, 1982 via a letter from her attorney to the Assistant Director of the EEO in New York stating that sex and handicap discrimination claims were to be included in the third action. No informal or formal complaint was ever filed with the postal service EEO. Thus, the claims were never investigated nor was a final agency decision ever issued. The plaintiff asserts in the September letter that upon a finding by the USPS that she was mentally disabled, the USPS was required by the Rehabilitation Act of 1973 to reasonably accommodate her condition. She claims no effort was made by the USPS to find her another job which she was capable of performing and thus, that she was terminated in violation of the Rehabilitation Act.

Finally, the plaintiff claims that her First, Fourth, and Fifth Amendment rights were violated in retaliation for her filing of EEO complaints and because she was a woman.

*Discussion of the Law*

I. *Exclusivity of Title VII in Federal Employment Discrimination Actions*

A. *42 U.S.C. § 1985(3) Conspiracy Claims*

■ Title 42 U.S.C. § 2000e–16 is the exclusive remedy for federal employees in employment discrimination cases. *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1975). As discussed in the companion ruling of even date, Dr. Makover's Motion to Dismiss, postal service workers are considered federal employees for purposes of employment discrimination actions. Thus, the plaintiff's claim under 42 U.S.C. § 1985(3) must fail. Support for dismissal of the conspiracy claim is found in *Great American Savings & Loan Assoc. v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1978) which teaches that claims under Title VII and § 1985(3) may not be brought based on the same factual occurrence. *Id.* at 378, 99 S.Ct. at 2352. The Court continued, "§ 1985(3) may not be invoked to redress violations of Title VII." *Id.* Although *Novotny* specifically addressed private sector employment situations, it is consistent to similarly apply it to a federal employment setting. Indeed, where § 1985(3) claims have arisen in federal employment actions, they have been dismissed as outside the exclusive Title VII remedy established in *Brown* and *Novotny*. *See White v. General Services Administration*, 652 F.2d 913 (9th Cir.1981); *Quillen v. United States Postal Service*, 564 F.Supp. 314 (E.D.Mich.1983).

## B. Constitutional Claims

■ *Brown, supra,* has also been interpreted to bar employment claims under constitutional causes of action; e.g., *White v. General Services Administration,* 652 F.2d 913 (9th Cir.1981); *Richardson v. Wiley,* 569 F.2d 140 (D.D.C. 1977). In *Richardson,* the District of Columbia Circuit relied on *Brown* in holding that where a federal employee challenged an adverse personnel action under both the Fifth Amendment and Title VII, only Title VII was applicable. 569 F.2d at 141. *See also, Lang v. Schweiker,* 26 FEP 1413 (N.D.Ga. 1981), *aff'd,* 692 F.2d 769 (11th Cir.1982); *Broussard v. United States Postal Service,* 674 F.2d 1103 (5th Cir.1982). In *White, supra,* the Ninth Circuit reached a similar result regarding First Amendment and Title VII claims. Citing *Brown,* that court found a claim of EEO retaliation well within the coverage of Title VII and therefore that the constitutional claim of retaliation was precluded. 652 F.2d at 917.

The analysis of these courts applies to the plaintiff's state and federal constitutional claims in this case. In every instance the constitutional claims are predicated upon the same allegations as her sex and handicap discrimination, retaliation, and sexual harassment claims. The plaintiff has a sufficient statutory remedy without this Court implying a constitutional remedy. The Court therefore dismisses the plaintiff's federal and state constitutional claims.

## C. 29 U.S.C. § 794c—Rehabilitation Act Claim

■ Several courts have found that a plaintiff may have a cause of action under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.* in addition to Title VII claims. *See, e.g., Counts v. United States Postal Service,* 631 F.2d 46 (5th Cir.1980); *McNutt v. Hills,* 426 F.Supp. 990 (D.D.C.1977); *Cagan v. United States Postal Service,* Civ. Action 81–0032–F (D.Mass.1982) [Available on WESTLAW, DCTU database]. The rational for this finding rests upon the fact that 42 U.S.C. § 2000e to 2000e–17 proscribe only discrimination based on race, color, religion, sex, or national origin. *McNutt,* 426 F.Supp. at 1002, n. 27. Failure to permit a plaintiff to bring suit under the Rehabilitation Act would therefore preclude a remedy for this type of claim. *Id.,* at 1002.

The Court finds that it has subject matter jurisdiction over the plaintiff's Rehabilitation Act claim because it is not an employment discrimination within the scope of 42 U.S.C. § 2000e–16 and therefore is not precluded under *Brown.* Therefore, the Court denies the defendants' Motion to Dismiss this claim without prejudice to its being renewed at the close of the plaintiff's case.

## II. Proper Defendants

■ The plaintiff has named the United States Postal Service, William F. Bolger, Postmaster General, Gerald Bourgault, Anthony Facas and James Flemming as the federal defendants. The complaint alleges that Bourgault, Facas, and Flemming are USPS employees who through their actions discriminated against the plaintiff in both their individual and official capacities.

The defendants move to dismiss all named defendants except William F. Bolger on the ground that the Postmaster General is the only proper defendant under 42 U.S.C. § 2000e–16(c). That provision states that "the head of the department, agency, or unit, as appropriate, shall be the defendant." A majority of courts addressing this issue have interpreted the provision to mean that *only* the head of the department, agency or unit is properly named as a defendant. *See Quillen v. United States Postal Service,* 564 314, 321 (E.D.Mich.1983); *Dean v. United States,* 484 F.Supp. 888, 889 (D.N.D.1980), *aff'd as modified,* 670 F.2d 99 (8th Cir.1982); *Carver v. Veterans Administration,* 455 F.Supp. 544, 545–46 (E.D.Tenn.1978); *Royal v. Bergland,* 428 F.Supp. 75, 76 (D.D.C. 1977); *Brooks v. Brinegar,* 391 F.Supp. 710, 711 (W.D.Okla.1974). *But see, I.M.A. G.E. v. Bailar,* 78 F.R.D. 549 (N.D.Cal. 1978); *Guilday v. Dept. of Justice,* 451 F.Supp. 717 (D.Del.1978). Furthermore,

Bourgault, Facas and Flemming are not proper defendants in their individual capacity. *Beasley v. Griffin,* 427 F.Supp. 801, 803 (D.Mass.1977); *Brooks v. Brinegar,* 391 F.Supp. 710, 711 (W.D.Okla.1974).

This Court grants the defendants' motion to dismiss all named defendants with the exception of William F. Bolger.

### III. *Subject Matter Jurisdiction*

#### A. *1981 Rehabilitation Act and Sex Discrimination Claims*

■ The plaintiff claims that she is a handicapped person by virtue of her mental disability as found by Dr. Makover in his July 1981 psychiatric examination of her. She alleges that her 1981 removal was based on handicap and sex discrimination and was in reprisal for prior EEO actions. The defendants move to dismiss the 1981 handicap and sex discrimination claims as beyond the jurisdiction of this Court. The defendants' motion asserts that these claims were untimely and that the plaintiff failed to exhaust her administrative remedies.

In *Brown v. General Services Administration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976), the Supreme Court found that a federal employee must exhaust administrative procedure as a precondition to a Title VII suit in district court. The exhaustion requirement is equally applicable to claims based on handicap discrimination. *Counts v. United States Postal Service,* 631 F.2d 46, 48 (5th Cir.1980). The Rehabilitation Act specifically provides:

"(a)(1) The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 [42 U.S.C. § 2000e–16] ... shall be available, with respect to any complaint under section 791 of this title, to any employee ... aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint." 29 U.S.C. § 794(a)(1).

The sex and handicap claims must each meet the procedural requirements of Title VII, 29 C.F.R. § 1613.708; *Stoller v. Marsh,* 682 F.2d 971 (D.C.Cir.1982), *cert. denied,* 460 U.S. 1037, 103 S.Ct. 1427, 75 L.Ed.2d 787 (1983); *Lawson v. Burlington Industries, Inc.,* 683 F.2d 862 (4th Cir.) *cert. denied,* 459 U.S. 944, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982); *Quillen v. United States Postal Service,* 564 F.Supp. 314 (E.D.Mich.1983). The sex and handicap claims may be exhausted under 29 C.F.R. § 1613.214(a) if a two-step process has been followed: (1) if these claims were brought before the agency EEO Counselor within 30 calendar days of the effective date of the personnel action, and (2) if the employee had submitted a written complaint with appropriate agency officials within 15 calendar days of the final interview with the EEO Counselor.

The plaintiff has failed to exhaust these procedural requirements. No informal or formal complaint has ever been filed regarding her 1981 sex and handicap discrimination claims. The plaintiff now claims that the September 1982 letter raising these issues amended her third EEO complaint which was based on retaliation. This alleged amendment took place after the retaliation claim had been investigated and a proposed finding and disposition issued. Because handicap and sex discrimination claims challenging her removal were not timely exhausted at the administrative level, they must be dismissed absent circumstances requiring equitable tolling. Such circumstances would excuse the plaintiff from strict compliance with the exhaustion requirements prior to filing suit in federal court. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). *Zipes* unequivocally states that filing timely charges with the EEOC is not a jurisdictional prerequisite to filing in district court. *Id.,* at 397, 102 S.Ct. at 1134. The Court reviewed prior decisions noting that lack of timely filing in administrative procedures did not create jurisdictional bars in district court.

"By holding compliance with the filing period to be not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires, we honor

the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employer." *Id.*, at 398, 102 S.Ct. at 1135.

The Court did not hold whether timely filing under 42 U.S.C. § 2000e–16 in district court was jurisdictional regardless of exhaustion of administrative process.

Circuit Courts addressing this issue since *Zipes* have reached varying conclusions. The Seventh Circuit recently found that federal employees are barred by the jurisdictional prerequisite of timely filing in district court. *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984). Two other Circuit Courts, however, rely on *Zipes* in finding the filing requirement subject to waiver if equity so demands. *Milam v. United States Postal Service*, 674 F.2d 860 (11th Cir.1982); *Saltz v. Lehman*, 672 F.2d 207 (D.C.Cir.1982). This Court will follow the Eleventh and District of Columbia Circuits permitting the claim to stand. This will allow the plaintiff an opportunity to establish circumstances precipitating a need for equitable tolling.

 The plaintiff maintains that the following facts argue for equitable tolling. She asserts that she was kept from filing her sex and handicap discrimination claims by the defendants. (Complaint ¶ 116). This allegation is supported by statements of two Postal Workers Union employees who have stated they were unable to see any EEO postings in the Niantic Post Office at a meeting there in 1983. For purposes of the defendants' Motion to Dismiss, we must take the allegations of the plaintiff's complaint as true. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972); *Bowman v. Grolsche Bierbrouwerij B.V.*, 474 F.Supp. 725, 728 (D.Conn. 1979); *Wall & Ochs, Inc. v. Grasso*, 469 F.Supp. 1088, 1098–99 (D.Conn.1979).

Accepting the plaintiff's statements regarding the lack of EEO notices as true, together with her further assertion that she had no knowledge of a possible handicap discrimination claim, the latter claim may be preserved through the equitable tolling permitted in *Zipes*. For the same reasons, late filing in district court will not, at this point in the proceedings, preclude the handicap claim. Her 1981 sex discrimination claim, however, must fail as she did have knowledge of procedures to follow and the existence of a claim as is evidenced by her successful prosecution of her 1979 sex discrimination claim. Thus, the Court dismisses the 1981 sex discrimination claim. The Court will retain the handicap discrimination claim for further development of the facts at trial.

B. *1978, 1979, 1980 Discrimination Claims*

The plaintiff asserts that her 1978, 1979, and 1980 discrimination claims are not time barred under 42 U.S.C. § 2000e–16(c) because they represent components of a continuing violation of Title VII. In each instance, should a continuing violation theory be dismissed, the individual claims regarding discrete acts of alleged discrimination must also be dismissed as time barred for failure to file claims in district court within the statutorily proscribed time limits. The equitable tolling precept of *Zipes, supra,* does not apply here. The plaintiff was notified at the time of final agency disposition for each claim of her appellate rights. She elected not to pursue them within the time limits established by Congress in 42 U.S.C. § 2000e–16(c) and regulations promulgated thereunder.

A continuing violation theory is inappropriate in this case. The plaintiff does allege a continuing violation as required. (Complaint ¶ 121). However, a distinction must be drawn between isolated and completed acts against an individual and continuing violation generally found in pattern and practice actions. *See Jacobs v. Board of Regents*, 473 F.Supp. 663 (S.D.Fla.1979); *DeMedina v. Reinhardt*, 444 F.Supp. 573 (D.D.C.1978), *aff'd*, 686 F.2d 997 (D.C.Cir. 1982); *Loo v. Gerarge*, 374 F.Supp. 1338 (D.Haw.1974). The cases the plaintiff relies on in asserting her theory all concern situations in which the plaintiffs were com-

plaining of a pattern and practice of discrimination which affected them individually. *See Chung v. Pomona Valley Community Hospital*, 667 F.2d 788 (9th Cir. 1982); *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168 (3rd Cir.1978); *Egelston v. State University College at Geneseo*, 535 F.2d 752 (2d Cir.1976).

Examples of typical continuing violations are allegations of unlawful hiring and promotion policies or allegations of unfair bias permeating an employer's personnel practices, e.g., *Milton v. Weinburger*, 645 F.2d 1070, 1075 (D.C.Cir.1981); *Allen v. Amalgamated Transit Union Local 788*, 554 F.2d 876 (8th Cir.1977). In the case at bar, no allegation has been made that any Postal Service system or program discriminated against female employees.

■ Discrete acts of discrimination, such as a refusal to hire or discharge, do not rise to the level of continuing discrimination where the acts are not symptomatic of a systemic program. *Terry v. Bridgeport Brass Co.*, 519 F.2d 806 (7th Cir.1975). In *United Airlines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), the Supreme Court held that despite an allegation of one distinct adverse action being related to a former action, in the absence of an allegation that the system discriminated, there is no continuing violation. *Id.* at 558, 97 S.Ct. at 1889.

■ Because there has been no allegation that any Postal Service system or program discriminated, a continuing violation theory is inapplicable to this case. Thus, this Court grants the defendants' motion to dismiss the plaintiff's 1978, 1979, and 1980 discrimination claims.

SO ORDERED.