Anita BEEMAN et al., Plaintiffs,

v.

J. William MIDDENDORF, Defendant.

Civ. A. No. 76–809.

United States District Court,
District of Columbia.

Jan. 18, 1977.

Jill Laurie Goodman, Susan Deller Ross, Kathleen Willert Peratis, Melvin L. Wulf, New York City, Ellen Leitzer, Washington, D.C., for plaintiffs.

Earl J. Silbert, U.S. Atty., Robert N. Ford, Lawrence T. Bennett, Asst. U.S. Attys., Washington, D.C., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

In this case, plaintiff Beeman charges the Secretary of the Navy, in his official capacity, with discrimination against her on the basis of sex. Plaintiff brings this suit under § 717 of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. § 2000e–16, and under the fifth amendment to the United States Constitution.

Plaintiff is an employee of the United States Customs Service in the Department of the Treasury. The Customs Service is, from time to time, called upon by the Department of the Navy to provide customs officials to travel with a Navy ship and to perform customs duties on the last leg of its journey before reaching home port. Plaintiff alleges that Navy policy allows that department to reject women assigned by the Customs Service to such voyages, on the basis of their sex. She alleges that while men assigned by Customs are automatically accepted, the Navy considers the assignment of women on a case-by-case basis. Plaintiff also claims that, in her particular case, the Navy rejected her assignment to a Navy ship in September 1975, solely on the basis of her sex. This, she alleges, was in violation of Title VII and the fifth amendment. In this lawsuit, plaintiff seeks declaratory and injunctive relief and compensatory damages. It is undisputed that plaintiff has exhausted her administrative remedies.

The case is currently before the Court on the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction of both the Title VII and the fifth amendment claims, and on the plaintiff's motion for class certification. The Court will, for the reasons indicated below, deny the motion to dismiss as to the Title VII claim, grant it as to the fifth amendment claim, and grant plaintiff's motion for class certification.

## I. THE MOTION TO DISMISS

### A. *Plaintiff has Stated a Cognizable Claim Under Title VII.*

 The essence of defendant's motion to dismiss the Title VII claim is that since plaintiff does not allege discrimination on the part of the agency in which she is employed, the Treasury Department, but instead alleges discrimination on the part of another agency, the Navy, her claims are not redressable under Title VII, as she has filed suit against the wrong party. It is interesting to note first that, at the administrative level, the Treasury Department rejected plaintiff's initial complaint of discrimination because it was not "based on a matter over which the agency has jurisdiction." Plaintiff proceeded to channel her complaint to the Navy, which decided the merits of her claim both on the initial and appellate levels. Thus, the government's position in this Court, that plaintiff's grievance is against Treasury, not the Navy, contradicts the approach it insisted upon on the administrative level.

The government maintains, without citation to any cases, that "[t]here must be an employer-employee or employer-applicant relationship established in order for a federal employee to come within the protection of the statute." Its position is simply unsupported by the language of § 717. The very first sentence of § 717 directs that *"[a]ll personnel actions affecting employees or applicants for employment . . . in military departments . . . [and] executive agencies . . . shall be made free from any discrimination based on . . . sex . . . ."* 42 U.S.C. § 2000e–16(a) (emphasis added). The Act goes on to authorize civil actions in which "the head of the department . . . as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(c). The Court of Appeals for this circuit has interpreted that phrase as meaning that the proper defendant is the head of the agency "in which the allegedly discriminatory acts transpired." *Hackley v. Roudebush,* 171 U.S.App.D.C. 376, 520 F.2d 108, 115 n. 17. Neither the Act itself not the Court of Appeals' interpretation of the Act indicates that the agency "in which the discriminatory acts transpired" must be the same as the agency in which the plaintiff-employee works. Accordingly, this Court finds that the appropriate defendant in this case is the head of the Department of the Navy. To conclude otherwise would be to conclude that a person in the federal employ who is allegedly the victim of job-related discrimination at the hands of a federal agency other than her own has no remedy under an Act which has as its "basic purpose . . . the rooting out of every vestige of employment discrimination with-

in the federal government." *Hackley,* 520 F.2d at 136. This Court, needless to say, rejects such a conclusion and will therefore deny defendant's motion to dismiss the Title VII claim.

B. *Brown v. GSA, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), Mandates that the Fifth Amendment Claim be Dismissed.*

The government puts forward two reasons why the fifth amendment claim must be dismissed: 1) it is barred by sovereign immunity; and, 2) plaintiff's exclusive remedy is provided by Title VII. While the Court rejects the first reason, it agrees that Title VII provides plaintiff's exclusive remedy and will therefore grant defendant's motion as it applies to the fifth amendment claim.

As to the sovereign immunity issue, it is only necessary to note that a venerable exception to that doctrine arises when government officials commit unconstitutional acts. *See Larson v. Domestic and Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). Assuming the fifth amendment claim would otherwise be cognizable, the claim would fall outside the sovereign immunity bar because its essence is an allegation of unconstitutional action.

In asserting that plaintiff's fifth amendment claim is also barred because Title VII provides her exclusive remedy, defendant relies on the recent case of *Brown v. GSA,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The Court notes at the outset that there is a certain asymmetry, to say the least, in the government's

position that, on the one hand, plaintiff's claim cannot be brought under Title VII and, on the other, that it cannot be brought under the fifth amendment because Title VII provides her exclusive remedy! Be that as it may, the Court has rejected the government's position that Title VII is unavailable to plaintiff and will therefore proceed to consider whether that Act provides plaintiff's exclusive remedy.

*Brown* clearly holds that "the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment." *Id.* at 835, 96 S.Ct. at 1969. Plaintiff seeks to avoid the impact of that holding, however, by pointing out that while petitioner Brown had brought his suit under various statutes other than Title VII, he did *not* assert a constitutional cause of action. Even that much is not clear, however, for the *Brown* Court indicated that petitioner alleged jurisdiction under, *inter alia,* 28 U.S.C. § 1331, the general federal question statute which would be invoked by a litigant attempting to establish jurisdiction for a constitutional cause of action. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). But, even assuming plaintiff is correct that Brown did not allege a cause of action under the fifth amendment, it is nevertheless clear that the *Brown* Court was aware of the constitutional cause of action.[1] Despite this awareness, the Court employed sweeping language, both in its interpretation of § 717's legislative history, *see id.* 425 U.S. at 828–29, 96 S.Ct. 1961, and in its ultimate holding, set forth above. This Court can only conclude, therefore, that when the Court found that Title VII pre-empts all other remedies for

---

1. In reviewing the few forms of relief from federal employment discrimination available before the passage of § 717 in 1972, the Court noted that "federal employment discrimination clearly violated . . . the Constitution [specifically the fifth amendment], *Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954). . . ." 425 U.S. at 825, 96 S.Ct. at 1964. The difficulty with this and other potential remedies, however, was that "it was doubtful that backpay or other compensatory relief

for employment discrimination was available . . . ." *Id.* at 826, 96 S.Ct. at 1965. Thus, the Court concluded, "Congress was persuaded that federal employees who were treated discriminatorily had no effective judicial remedy." *Id.* at 828, 96 S.Ct. at 1966. Congress therefore intended for § 717 to serve as "an exclusive pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Id.* at 829, 96 S.Ct. at 1966.

federal employment discrimination, it meant to include the constitutional cause of action within the scope of those supplanted remedies.

## II. THE MOTION FOR CLASS CERTIFICATION

■ Plaintiff seeks to maintain this suit on behalf of the class of all past, current, and future female customs inspectors who have been, are being, or will be discriminated against by the defendant's denial of employment opportunities to women aboard United States Navy ships. The sole ground proffered by the Navy in opposition to class certification is the failure of any member of the proposed class other than plaintiff to exhaust her administrative remedies. The defendant is apparently unaware, however, that this Court has already ruled on that precise issue. In *Barrett v. United States Civil Service Commission,* 69 F.R.D. 544 (D.D.C.1975), this Court found that "the legislative history of Title VII and the 1972 amendments thereto, and the systemic nature of discrimination itself, indicate that class actions both in the private and federal sectors were indeed envisioned within the scheme of the Act and its amendments . . . [and] could be maintained after one prospective named plaintiff exhausted his or her administrative remedies." *Id.* at 551. In reaching this conclusion, the Court relied on dictum to the same effect in a decision by the Court of Appeals for this circuit, *Hackley v. Roudebush,* 171 U.S.App. D.C. 376, 520 F.2d 108, 151–52, n. 177 (1975), in addition to the decisions of other district courts which had reached the same result. Since that time, this Court has followed its prior ruling, in *Bachman v. FTC,* C.A. No. 76–0079 (Opinion and Order of July 29, 1976). In addition, the recent Supreme Court cases of *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975), and *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), when read together, would seem to buttress further the conclusion that federal employees may maintain Title VII class actions when one plaintiff has exhausted his or her administrative remedies. In *Al-*

*bemarle,* the Court confirmed the maintainability of such a class action for private sector employees. In *Chandler,* the Court indicated that a principal goal of the 1972 amendments to Title VII was to eradicate federal employment discrimination by "according '[a]ggrieved [federal] employees or applicants . . . the full rights available in the courts as are granted to individuals in the private sector under title VII.'" 425 U.S. at 841, 96 S.Ct. at 1950, *quoting* S.Rep.No.92–415, 92d Cong., 1st Sess. 16 (1971). In light of this indication from the Supreme Court, this Court sees no reason to deviate from its prior conclusion on the issue.

The defendant has not questioned plaintiff's assertion that the proposed class action satisfies the requirements of Fed.R. Civ.P. 23(a)(1)–(4) and 23(b)(2), and upon review of the information provided in plaintiff's memorandum in support of her motion for certification, the Court agrees that it is beyond doubt that class certification is appropriate. Accordingly, the Court will certify the class of all past, current, and future female customs inspectors who have been, are being, or will be discriminated against by the defendant's denial of employment opportunities to women aboard United States Navy ships. The certification will be conditional, pursuant to Fed.R. Civ.P. 23(c)(1).

## III. CONCLUSION

In accordance with this opinion, the Court will deny defendant's motion to dismiss the Title VII claim, but will grant the motion to dismiss the fifth amendment claim. The Court will also grant plaintiff's motion for class certification and will set a time limit for the completion of discovery. An order in accordance with this opinion will be entered on this date.