Sherry QUILLEN, Plaintiff,

v.

U.S. POSTAL SERVICE, et al., Defendants.

Civ. No. 82–73587.

United States District Court, E.D. Michigan, S.D.

May 23, 1983.

Beth E. Applebaum, Detroit, Mich., for plaintiff.

Ellen G. Ritteman, Asst. U.S. Atty., Detroit, Mich., Robert P. Henderson, Labor Atty., U.S. Postal Service, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

This matter is before the Court on defendants U.S. Postal Service's and Michael Walsh's motion to dismiss and alternative motion for summary judgment. This is a sex discrimination action in which plaintiff, a former letter carrier for the U.S. Postal Service, alleges sexual harassment during her employment, discriminatory discharge, and discriminatory failure to reinstate. Plaintiff asserts a claim under § 717 of Title VII of the Civil Rights Act of 1964, as added by § 11 of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16. The complaint also refers to § 706 of Title VII, 42 U.S.C. § 2000e–5; 42 U.S.C. §§ 1985(3), 1988; the equal protection clause of the fifth amendment to the U.S. Constitution; article I, section 2 of the Michigan Constitution; and the Michigan Elliott-Larsen Civil Rights Act, M.C.L.A. § 37.2102. The complaint further alleges a claim for assault and battery under Michigan common law.

Defendants' motion contains several parts. First, defendants move for partial summary judgment on plaintiff's claims for sexually discriminatory discharge and sexual harassment during her employment. Second, defendants move to dismiss all claims other than the claim under § 717 of Title VII, 42 U.S.C. § 2000e–16. Third, de-

fendants move to dismiss all defendants except William Bolger, the Postmaster General of the United States.

*Motion for Partial Summary Judgment*

Plaintiff alleges in her complaint that she was employed as a letter carrier at the U.S. Post Office branch in Taylor, Michigan. She claims she was a victim of sexual harassment and a sexually discriminatory discharge. Plaintiff also alleges that she was denied reinstatement in retaliation for making charges of sexual harassment before she was discharged. These claims are based on § 717 of Title VII, 42 U.S.C. § 2000e–16, which extends the protection of Title VII to federal employees. Defendants move for partial summary judgment on plaintiff's claims of sexual harassment and sexually discriminatory discharge on the ground that plaintiff failed to exhaust her administrative remedies as required by section 717(b) and (c) and the applicable regulations, 29 CFR § 1613.201 et seq.

■ Summary judgment is appropriate only where no genuine issue of material fact remains to be decided and the movant is entitled to judgment as a matter of law. The Court cannot make findings of disputed facts and must construe the evidence together with all inferences to be drawn therefrom in the light most favorable to the party opposing the motion. *Watkins v. Northwestern Ohio Tractor Pullers Ass'n.,* 630 F.2d 1155 (6th Cir.1980); *Bohn Aluminum & Brass Corp. v. Storm King,* 303 F.2d 425 (6th Cir.1962). Once the movant shows that there is no genuine issue of material fact, Fed.R.Civ.Pro. 56(e) requires the opponent to produce by affidavit or otherwise specific evidence showing that a genuine issue of fact exists. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *First National Bank of Arizona v. Cities Services Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1967), *reh. denied,* 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968). In this case, defendants have submitted the affidavit of Rhodell Queen, an Equal Employment Opportunity (EEO) specialist for the U.S. Postal Service who examined plaintiff's informal complaint file and administrative records. Attached to the affidavit are exhibits referred to by Queen, including plaintiff's informal complaint file. Since plaintiff has not submitted any affidavits or other evidence to contradict these facts, the Court concludes that there is no genuine issue of material fact concerning plaintiff's administrative proceedings and makes the following findings of fact.

Plaintiff received a letter dated January 4, 1980 that notified her of her separation from employment effective February 4, 1980. She initiated the informal complaint procedure under the regulations by contacting an EEO counselor on February 12, 1980. At her initial interview plaintiff claimed that her separation from employment was due to sexual harassment and reprisal by a supervisor, one of the employees she claimed engaged in the sexual harassment. The EEO counselor conducted an inquiry into the charges, but was unable to resolve the matter at that level. The EEO counselor conducted a final interview with plaintiff on March 27, 1980. In the Notice of Final Interview form required by the regulations and signed by plaintiff, she was informed of her right to file a formal written complaint of employment discrimination with the EEO office in Chicago within fifteen calendar days of the date of the final interview. Plaintiff did not file the formal written complaint.

On February 26, 1981 and March 12, 1981 plaintiff sent letters to the U.S. Postal Service requesting reinstatement. Her requests were denied by a letter dated April 10, 1981. On May 14, 1981, plaintiff filed a second informal EEO complaint concerning the denial of her reinstatement. The EEO counselor was unable to resolve the matter and conducted a final interview with plaintiff. Following her final interview on July 15, 1981 plaintiff filed a formal written complaint with the EEOC office in Chicago and subsequently filed this action.

Defendants concede that plaintiff has fully exhausted her administrative remedies with respect to her claim of discriminatory refusal to reinstate. However, they move

for summary judgment on plaintiff's claims for discriminatory discharge and sexual harassment on the ground that plaintiff failed to exhaust her administrative remedies with respect to those claims. They contend that plaintiff failed to exhaust her administrative remedies when she failed to file a formal written complaint with the EEOC office in Chicago after her final interview on March 27, 1980 concerning her first informal complaint. Plaintiff argues in response that the alleged discriminatory discharge and sexual harassment were part of a continuing pattern of discrimination culminating in the failure to reinstate her. She also contends that the allegations are within the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discriminatory refusal to reinstate that she did file.

█ A federal employee must timely file an administrative complaint as a condition precedent to bringing a discrimination suit under section 717 of Title VII, 42 U.S.C. § 2000e–16. *Brown v. General Services Administration,* 425 U.S. 820, 832, 96 S.Ct. 1961, 1967–68, 48 L.Ed.2d 402 (1976); *Porter v. Adams,* 639 F.2d 273, 276 (5th Cir. 1981); *Cooper v. Bell,* 628 F.2d 1208, 1211 (9th Cir.1980); *Hoffman v. Boeing,* 596 F.2d 683, 685 (5th Cir.1979); *Bethel v. Jefferson,* 589 F.2d 631, 640–42 (D.C.Cir.1978). Although the statute does not specify the time period within which an initial administrative charge must be filed, the EEOC has promulgated regulations governing the procedure and processing of administrative charges. *See* 29 CFR §§ 1613.201–.283 (1982).[1] The employee must bring her charge to the attention of an EEO counselor within thirty days of the alleged discriminatory conduct to attempt to resolve the charge in the informal complaint procedure.

29 CFR §§ 1613.213–.214(a)(1). If the complaint is not informally resolved, the employee must file a formal written complaint with the EEOC within fifteen days of her final interview with the EEO counselor. 29 CFR § 1613.213–.214. After this complaint is filed, the employee is entitled to a formal investigation and a recommended decision on her charges. If the charge is rejected after this administrative hearing, the employee may file a suit in district court within thirty days of the rejection. 42 U.S.C. § 2000e–16; 29 CFR § 1613.282. *See generally Brown v. General Services Administration, supra; Cooper v. Bell, supra; Hoffman v. Boeing, supra.*

█ In this case, defendants argue that plaintiff failed to exhaust her administrative remedies with respect to the charges of sexual harassment and discriminatory discharge because she failed to file a formal complaint with the EEOC office within fifteen days of her final interview on March 27, 1980 concerning the first informal complaint. The uncontradicted evidence shows that plaintiff received and signed the Notice of Final Interview form required by 29 CFR § 1613.213, which informed plaintiff that she must file her formal complaint with the EEOC office within fifteen days of the date of the final interview. The uncontradicted evidence also shows that plaintiff did not file the complaint with the EEOC office.

In her brief in response to this motion, plaintiff appears to argue that she did not file the complaint because she was negotiating for her reinstatement in connection with a grievance she had filed with the union after she received the notice of separation on January 4, 1980.[2] Plaintiff asserts that during these negotiations the

---

1. The regulations were originally codified at 5 CFR §§ 713.201–.283 (1978). Under Reorganization Plan No. 1 of 1978, 43 Fed.Reg. 19,807, 92 Stat. 3781, all federal equal employment opportunity activities were consolidated into one agency, the EEOC. The plan transferred to the EEOC all enforcement and related functions formerly vested in the Civil Service Commission under § 717 of Title VII. As a result, the regulations were recodified at 29 CFR §§ 1613.-

201–.283 (1982). *See Porter v. Adams, supra* at 275 n. 3.

2. Although the notice of separation stated that plaintiff's separation would be effective February 4, 1980, defendants concede that plaintiff's separation did not become final until April 6, 1980 because of the grievance arbitration procedure.

U.S. Postal Service agreed to withdraw her notice of separation if she submitted medical retirement papers by February 4, 1980. She also asserts that defendants intentionally delayed delivering until after February 4, 1980 the medical forms mailed to her by her physician that were required to be submitted for medical retirement. These assertions are not supported by affidavits or other evidence. Even if the Court accepts these allegations as facts, however, these facts do not explain plaintiff's failure to file a formal complaint with the EEOC after her final interview on March 27, 1980. According to plaintiff's own allegations, she knew on February 6, 1980, which was prior to the time she even initiated the informal procedure by contacting an EEO counselor on February 12, 1980, that defendants would not withdraw her notice of separation pursuant to these negotiations.

Plaintiff also argues that she fully exhausted her administrative remedies because the allegations of sexual harassment and discriminatory discharge were included in the formal written complaint she filed with the EEOC in connection with the denial of her reinstatement. She contends that the allegations of sexual harassment and discriminatory discharge raised in this action are within the scope of the EEOC investigation which could reasonably be expected to grow out of her charge of discriminatory refusal to reinstate. Defendants assert, however, that the allegations of sexual harassment and discriminatory discharge are charges of discrete acts of discrimination.

The Court has examined the formal written complaint filed with the EEOC after plaintiff was denied reinstatement by a letter dated April 10, 1981. This administrative complaint did contain allegations of sexual harassment and discriminatory discharge as well as discriminatory refusal to reinstate. Thus the allegations of the complaint in this action are within the scope of the EEOC investigation which could reason-

ably be expected to grow out of the formal complaint before the EEOC. *See EEOC v. Bailey,* 563 F.2d 439 (6th Cir.1977); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir.1970). The difficult issue in this case, however, is whether the charges of sexual harassment and discriminatory discharge could properly be made at that time. Plaintiff first brought her charges of discriminatory discharge and sexual harassment to the attention of the EEO counselor on February 12, 1980 after she received her notice of separation. Although plaintiff was informed at her final interview on March 27, 1980 that the matter could not be informally resolved and that she must file a formal complaint with the EEOC office within fifteen days, she did not file the formal complaint.[3] After plaintiff's request for reinstatement was denied by a letter dated April 10, 1981, she contacted an EEO counselor about her charge of discriminatory refusal to reinstate. When she was informed at her final interview on July 15, 1981 that the matter could not be informally resolved, she filed a formal complaint with the EEOC office that included charges of discriminatory discharge and sexual harassment. It is undisputed that those charges refer to the same conduct of the defendants that was the basis of plaintiff's first informal complaint on February 12, 1980.

The regulations specify that an employee bringing a charge of discrimination must bring that charge to the attention of the EEOC counselor within thirty days of the alleged discriminatory conduct. 29 CFR § 1613.213–.214(a)(1). Although plaintiff did timely bring her charges of sexual harassment and discriminatory discharge to the attention of the EEO counselor on February 12, 1980, she did not exhaust her administrative remedy because she failed to file a formal complaint with the EEOC office within fifteen days of the final interview on March 27, 1980. 29 CFR §§ 1613.-

---

3. Plaintiff would not have been required to follow the procedure set out in 29 CFR §§ 1613.-213–.214 in connection with her claims of reprisal if she had chosen to file a charge of reprisal under 29 CFR §§ 1613.261–.262 If she followed that procedure, however, she could not assert those claims in this action. *See Porter v. Adams, supra.*

213–.214. Plaintiff included the same charges of sexual harassment and discriminatory discharge in the second informal complaint she made to the EEOC counselor on May 14, 1981. At that time, however, more than thirty days had elapsed since the defendants had committed the alleged acts of sexual harassment and discriminatory discharge. In *United Airlines v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977), the Supreme Court observed:

A discriminatory act which is not made the basis of a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed .... separately considered, it is merely an unfortunate event in history which has no present legal consequence.

Plaintiff argues, however, that the alleged sexual harassment and discriminatory discharge were part of a continuing pattern of discrimination against her. In actions brought by non-federal employees under section 706 of Title VII, 42 U.S.C. § 2000e–5, the courts have held that a person challenging continuous discriminatory conduct must only show that one of the discriminatory acts occurred within the applicable time limitations. *See, e.g., Held v. Gulf Oil Co.,* 684 F.2d 427 (6th Cir.1982); *Clark v. Olinkraft, Inc.,* 556 F.2d 1219 (5th Cir.1977), *cert. denied,* 434 U.S. 1069, 98 S.Ct. 1251, 55 L.Ed.2d 772 (1978). The Court finds that this doctrine of continuous discrimination is equally applicable to actions brought by federal employees under § 717 of Title VII, 42 U.S.C. § 2000e–16. This doctrine, though, may not be invoked merely by alleging a present effect of past discrimination. *United Air Lines, Inc. v. Evans, supra.* The cases applying this doctrine distinguish continuous discrimination from discrete acts of discrimination. *See Jacobs v. Boards of Regents,* 473 F.Supp. 663 (S.D. Fla.1979) (collecting cases). The doctrine of continuous discrimination has usually been applied in actions involving patterns or practices of discrimination, such as the maintenance of discriminatory hiring, placement, or promotion systems. However, the cases hold that refusal to hire and discharge are discrete acts of discrimination that do not rise to the level of continuing violations. In *Corbin v. Pan American World Airways,* 432 F.Supp. 939 (N.D.Cal.1977), the court stated:

However, a plaintiff may not circumvent the limitations period merely by labeling an act a "continuing" violation. Completed acts such as a termination through discharge or resignation, a job transfer, or discontinuance of a particular job assignment, are not acts of a "continuing" nature. Rather, a plaintiff must maintain that a pattern of discrimination or an employment practice presently exists to perpetuate the alleged wrong.

*Id.* at 944. *See also London v. Coopers & Lybrand,* 644 F.2d 811 (9th Cir.1981); *Collins v. United Airlines Inc.,* 514 F.2d 594 (9th Cir.1975); *Rich v. Martin Marietta Corp.,* 522 F.2d 333 (10th Cir.1975); *Jacobs v. Board of Regents, supra.*

Plaintiff argues that the refusal to reinstate was a continuation of the discriminatory discharge because the refusal to reinstate is discriminatory only if the discharge was discriminatory. She relies on *Collins v. United Airlines, Inc., supra,* in which the court stated:

In this context, a request for reinstatement is wholly different from a new application for employment—it seeks to redress the original termination. As the Third Circuit aptly stated in a labor context in *NLRB v. Textile Machine Works,* 214 F.2d 929, 932 (3d Cir.1954):

"A discharged employee who seeks to be *reinstated* is really litigating the unfairness of his original discharge because only if the original discharge was discriminatory is he entitled to be reinstated as if he had never ceased working for the employer. The word *reinstatement* must be employed in this connection as the equivalent of uninterrupted employment. * * * The concept of a discriminatory refusal to hire is a different concept. If a person— whether a former employee or not—applies for employment and discriminatorily is refused employment * * *, the employer has committed a separate and

distinct unfair * * * práctice." (Emphasis in original.)

See also *NLRB v. McCready and Sons, Inc.,* 482 F.2d 872, 874–875 (6th Cir.1973). 514 F.2d at 596–97. The Court finds that plaintiff's reliance on the *Collins* case is misplaced. In that case, plaintiff had resigned from her stewardess position three days after her marriage in conformity with defendant's no-marriage policy. Defendant subsequently discontinued this policy. Three years later plaintiff filed a charge of sex discrimination with the EEOC after defendant refused her request for reinstatement. The district court dismissed plaintiff's action for failure to timely file her charge of discrimination. The Ninth Circuit affirmed the district court and rejected plaintiff's argument that defendant's refusal to reinstate her made the original discharge a continuing violation.

The Court concludes that plaintiff's discharge on February 4, 1980 and the denial of reinstatement on April 10, 1981 are separate and discrete acts. As discussed above, the cases discussing the doctrine of continuous discrimination have generally held that the doctrine does not apply to acts such as discharge, lay-off, and failure to promote, transfer or reinstate. Furthermore, in *Dumas v. Town of Mount Vernon,* 612 F.2d 974 (5th Cir.1980), the court stated:

Case law on the subject of continuing violations has been aptly described as "inconsistent and confusing," both prior to and since the Supreme Court's decision in *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). *Elliott v. Sperry Rand Corp.,* 79 F.R.D. 580, 585 (D.Minn.1978). . . .

In *Elliott,* Judge Larson analyzed four situations or fact patterns where continuing violations are often alleged. In one of the fact patterns described, courts must determine which of several different events trigger the running of limitations where such events have occurred at different times and have involved the making of a single employment decision, such as an allegedly discriminatory failure to hire or promote. Some relevant considerations in this determination are when the discriminatee was told of the hiring or promotion decision and whether others were hired or promoted subsequent to the discriminatee's application. Judge Larson concluded:

Although the "continuing violation" language may be used in this context, it seems that the courts are not really concerned with continuity so much as they are with practically assessing the employment situation from the lay person's viewpoint. The focus is on what event, in fairness and logic, should have alerted the average lay person to act to protect his rights, or when he should have perceived that discrimination was occurring.

*Elliott,* 79 F.R.D. at 585. We recently reiterated the rule that "[e]quitable considerations may very well require that the filing periods not begin to run until facts supportive of a Title VII charge or civil rights action are or should be apparent to a reasonably prudent person similarly situated." *Hamilton v. General Motors Corp.,* 606 F.2d 576, 579 (5th Cir. 1979). *See also Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924 (5th Cir.1975).

*Id.* at 977–78. Applying this test, the Court finds that the discharge on February 4, 1980 would have alerted the average lay person to act to protect her rights. The evidence in this case shows that plaintiff herself was so alerted because she did contact an EEO counselor on February 12, 1980 after receiving the notice of separation. Since the discharge and the denial of reinstatement were separate and distinct acts, plaintiff was required to fully exhaust her administrative remedies with respect to each claim of discrimination as a condition precedent to bringing suit. The uncontradicted evidence shows that plaintiff did not exhaust her administrative remedies with respect to her claims for sexual harassment and discriminatory discharge and the Court will grant defendants' motion for partial summary judgment on these claims.

*Motion to Dismiss Claims*

In addition to the claims under section 717 of Title VII, the complaint asserts claims for employment discrimination based on other federal and state statutory and constitutional provisions. The complaint also asserts a claim against one defendant for assault and battery under Michigan common law. Defendants move to dismiss all claims other than the claim under section 717 of Title VII. Plaintiff has not responded to defendants' arguments in support of this part of the motion.

In *Brown v. General Services Administration, supra,* the Supreme Court held that section 717 of Title VII provides the exclusive remedy for federal employees seeking to redress employment discrimination. The Court will dismiss all claims for employment discrimination based on statutory and constitutional provisions other than section 717 of Title VII. *Porter v. Adams, supra; White v. General Services Administration,* 652 F.2d 913 (9th Cir.1981); *Giles v. EEOC,* 520 F.Supp. 1198 (E.D.Mo. 1980). *See also Davis v. Passman,* 442 U.S. 228, 247 n. 26, 99 S.Ct. 2264, 2278 n. 26, 60 L.Ed.2d 846 (1978); *Great American Federal Savings & Loan Ass'n v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1978). The Court will not dismiss plaintiff's claim for assault and battery because it is not a cause of action for employment discrimination within the scope of section 717 of Title VII.[4]

*Motion to Dismiss Parties*

The complaint names the U.S. Postal Service, Michael Walsh, and Steve Sobran as the defendants. It alleges that Walsh is an employee of the U.S. Postal Service and the head of the department agency in which plaintiff was employed. It also alleges that Sobran was an employee of the U.S. Postal Service and plaintiff's immediate supervisor.

Defendants move to dismiss all three named defendants on the ground that plain-tiff's action under section 717 of Title VII may be brought only against the Postmaster General. Section 717(c) of Title VII, 42 U.S.C. § 2000e–16(c), provides that in civil actions brought by federal employees to enforce their rights under Title VII "the head of the department, agency, or unit, as appropriate, shall be the defendant." Most courts have construed this provision to mean that an action can be brought *only* against the head of the department, agency, or unit against which discrimination is alleged. *See Hackley v. Roudebush,* 520 F.2d 108 (D.C.Cir.1975); *Carver v. Veteran's Administration,* 455 F.Supp. 544 (E.D.Tenn. 1978); *Rozier v. Roudebush,* 444 F.Supp. 861 (S.D.Ga.1977); *Beeman v. Middendorf,* 425 F.Supp. 713 (D.D.C.1977); *Keeler v. Hills,* 408 F.Supp. 386 (N.D.Ga.1975); *Brooks v. Brinegar,* 391 F.Supp. 710 (W.D. Okl.1974). Several cases have reached contrary results and retained defendants lower in the chain of command. *See I.M.A.G.E. v. Bailar,* 78 F.R.D. 549 (N.D.Cal.1978); *Guilday v. Department of Justice,* 451 F.Supp. 717 (D.Del.1978); *Hunt v. Schlesinger,* 389 F.Supp. 725 (W.D.Tenn.1974).

In *Dean v. United States,* 484 F.Supp. 888 (D.N.D.1980), the court considered this conflict of results among the cases and observed that the issue of whether a particular defendant is a head of a department, agency, or unit within the meaning of section 717(c) is a question of statutory interpretation. This Court agrees and adopts the statutory analysis set forth in *Stephenson v. Simon,* 427 F.Supp. 467, 470–71 (D.D. C.1976), which concluded that the only proper defendant in an action under section 717(c) of Title VII is the head of the department, agency, or unit. Applying that analysis to this case, the Court finds that the only proper defendant to plaintiff's claim under section 717 of Title VII is the Postmaster General, William F. Bolger. The Court will dismiss the U.S. Postal Service and Michael Walsh from this action pursuant to Fed.R.Civ.Pro. 21. Although the

---

4. The issue of whether this Court may exercise pendent jurisdiction over this state law claim was not raised by defendant's motion.

captions of several papers filed in this case list William Bolger as one of the named defendants, court records do not show that plaintiff has ever amended her complaint to name Bolger as a defendant or has served Bolger. The Court will grant plaintiff leave to do so.

Although plaintiff cannot assert her claim under section 717 of Title VII against defendant Steve Sobran, the complaint also asserts a claim for assault and battery against Sobran. In light of this claim, the Court will not dismiss Sobran as a defendant.

Therefore, for the reasons and to the extent set forth herein, defendants' motion to dismiss and alternative motion for summary judgment will be granted. An appropriate order shall be submitted.