**Juanita CURRY, Plaintiff,**

v.

**UNITED STATES POST OFFICE, Defendant.**

**Civ. No. 84–1088.**

United States District Court,
E.D. Michigan, S.D.

Oct. 25, 1984.

---

Alice Jennings, Detroit, Mich., for plaintiff.

Ellen Christensen, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION

RALPH M. FREEMAN, District Judge.

This matter is before the court on defendant's motion for summary judgment. Plaintiff's complaint, filed March 9, 1984, alleges race, sex, and handicap discrimination in her discharge from employment. Plaintiff also alleges that defendant failed to give plaintiff vocational rehabilitation training as required by section 504 of the 1973 Rehabilitation Act, 29 U.S.C. § 794. The complaint purports to state claims under section 717 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16; the Reconstruction Civil Rights Act, 42 U.S.C. § 1981; sections 501, 504, and 505 of the 1973 Rehabilitation Act, 29 U.S.C. §§ 791, 794, and 794a; and section 7513 of the U.S. Civil Service Reform Act, 5 U.S.C. § 7513.

Defendant has made two arguments in support of its motion for summary judgment. First, defendant claims that this court lacks jurisdiction over plaintiff's handicap discrimination and vocational rehabilitation claims because she failed to exhaust the administrative remedies required under 29 U.S.C. § 794a. Second, defendant claims that there is no genuine issue of material fact concerning plaintiff's claim that defendant denied her vocational rehabilitation training because plaintiff did, in fact, receive the vocational rehabilitation training to which she was entitled. Defendant has supported its motion with affidavits from Celestine Green, Manager of the Equal Employment Opportunity Branch, United States Postal Service, Central Region, and Bernice Adams, Supervisor, Injury Compensation, Detroit Manage-

ment Sectional Center. Defendant's motion does not address plaintiff's allegations of race and sex discrimination.

Plaintiff's response to defendant's motion does not dispute the matters raised by defendant. Plaintiff responds only by moving for leave to file an amended complaint.[1] Plaintiff's proposed amended complaint sets forth only one claim: race discrimination in employment in violation of 42 U.S.C. § 1981.

The facts, as adduced from the pleadings and affidavits on file, are as follows. Plaintiff received a career appointment as a multiple position letter sorting machine clerk at the Detroit General Mail Facility on March 27, 1976. Plaintiff was injured on the job on December 9, 1976, when a stool on which she was sitting collapsed. Plaintiff received continuation of her pay for her injury and, eventually, commencing January 27, 1977, disability payments related to her injury. Plaintiff continued to receive disability payments until November 4, 1982, when her benefits were terminated because the Department of Labor determined that plaintiff was no longer disabled.

Plaintiff applied for restoration to duty by letter dated January 24, 1983. Defendant denied plaintiff restoration to her job because she had been discharged while she was on disability status. On November 8, 1977, plaintiff was removed (discharged) from her employment because she had committed the crime of welfare fraud.[2]

During the period when plaintiff was off work receiving disability payments, January 27, 1977, through November 4, 1982, plaintiff participated in a vocational rehabilitation program established by the Department of Labor. The Postal Service paid part of the cost of plaintiff's participation in the program. The vocational rehabilitation failed as a result of plaintiff's failure to cooperate with the rehabilitation counselor.

■ After the Postal Service denied plaintiff's request for restoration, plaintiff appealed the decision to the Merit Systems Protection Board. In a decision dated July 21, 1983, the Merit Systems Protection Board dismissed plaintiff's appeal. Plaintiff did not seek judicial review of the board's decision within thirty days as provided in 5 U.S.C. § 7703(b)(1) (as modified by 28 U.S.C. § 1295(a)(9)).

29 U.S.C. § 794a provides that a handicap discrimination action under the 1973 Rehabilitation Act shall be governed by the remedies and procedures set forth in section 717 of Title VII, 42 U.S.C. § 2000e–16, including the requirement of exhaustion of administrative remedies contained in section 706 of Title VII, 42 U.S.C. § 2000e–5. Exhaustion of such administrative remedies is a jurisdictional prerequisite to the commencement of a civil action, pursuant to Title VII, in federal court. *Brown v. General Services Administration*, 425 U.S. 820, 832–33, 96 S.Ct. 1961, 1967–68, 48 L.Ed.2d 402 (1976); *Quillen v. United States Postal Service*, 564 F.Supp. 314, 317 (E.D.Mich.1983) (Freeman, J.).

It is undisputed that plaintiff did not file an administrative complaint with the Equal Employment Opportunity Commission. (Green Affidavit, p. 5). This court, therefore, lacks subject matter jurisdiction over any claims by plaintiff brought under the 1973 Rehabilitation Act. The court likewise lacks subject matter jurisdiction over any claims of racial discrimination brought by plaintiff under section 717 of Title VII. Plaintiff's response indicates that she does not dispute this conclusion.

■ As to plaintiff's claim that she was denied vocational rehabilitation training, the affidavit of Bernice Adams indicates

---

1. Plaintiff's original complaint was filed in propria persona. Plaintiff's counsel claims she has reviewed the facts and seeks to amend the complaint to conform with the law.

2. On June 27, 1977, plaintiff pleaded guilty to a multiple count indictment involving welfare fraud. The crux of the charges was that plaintiff had applied for welfare without revealing that she was receiving disability payments from the Postal Service. Plaintiff used the mails in perpetrating the crime of welfare fraud.

509

that there is no genuine issue as to whether plaintiff actually received the rehabilitation training to which she was entitled. Plaintiff does not argue that there is a factual question on this issue. It appears that summary judgment for defendant is appropriate on any claim by plaintiff that defendant denied her such training.

■ Both plaintiff's original complaint and proposed amended complaint state a claim for racial discrimination in employment under 42 U.S.C. § 1981. Plaintiff claims that defendant refused to restore her to duty, not because of her felony convictions, but because of her race. Plaintiff contends that the offense of which she was convicted had no nexus to her job performance and that white employees who were convicted of felonies were not terminated. As noted above, defendant's motion does not address plaintiff's claim under section 1981.

42 U.S.C. § 1981 provides a cause of action for, *inter alia,* racial discrimination in making contracts. Unlike Title VII, section 1981 does not require exhaustion of administrative remedies. *See Johnson v. Railway Express Agency,* 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 (1975). Plaintiff's failure to pursue her administrative remedies will not bar a claim under section 1981.

■ This court must liberally grant leave to file an amended complaint. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Fed.R.Civ.P. 15(a). Leave to file an amended complaint is especially appropriate where a plaintiff, now represented by counsel, originally filed her complaint without the assistance of counsel. Defendant has not moved for summary judgment on plaintiff's section 1981 claim and cannot be prejudiced by the filing of an amended complaint which states plaintiff's section 1981 claim in a clearer and more concise manner. Defendant shall not be precluded from challenging the amended complaint.

In conclusion, the court will grant defendant's motion for summary judgment as

to plaintiff's claims of handicap discrimination under the 1973 Rehabilitation Act, denial of vocational rehabilitation training as required by the 1973 Rehabilitation Act, and racial discrimination under Title VII. The court will grant plaintiff's motion for leave to file an amended complaint which alleges a claim under 42 U.S.C. § 1981. An appropriate order will be submitted.