812 F.2d 1409
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl T. WILCOXSON, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 85-1830.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1987.
 
 Before JONES and RYAN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Carl T. Wilcoxson appeals the district court's dismissal of his job discrimination action based on a claim of retaliatory failure to promote brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et. seq. (1982). Wilcoxson contends that the district court erred in granting defendant-appellee United States Postal Service's ("Postal Service") motion for involuntary dismissal under Fed.R.Civ.P. 41(b) following the presentation of Wilcoxson's proof. He also alleges that the district court erred in limiting the scope of his suit by denying his attempt to amend the complaint, and that the district court should have continued the trial when Wilcoxson was unable to secure the attendance of witnesses on the second day of trial. We affirm.
 
 
 2
 The facts relevant to this appeal are not in dispute. Wilcoxson was first employed by the Postal Service in 1946. In 1974, he was promoted to the position of Manager of Delivery and Collections at the Detroit Management Sectional Center ("Detroit MSC"). Wilcoxson applied for the position of Director of Customer Services at the Detroit MSC in 1975, but was not selected for this position. Believing that he had been discriminated against in the selection process because he was black, Wilcoxson filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC"). This dispute was eventually settled voluntarily, in March, 1980, with Wilcoxson receiving $16,000 and promoted to the highest pay level in his position. When the position of Director of Customer Services at the Detroit MSC again became vacant in 1977, Wilcoxson applied for the position, but was again rejected in favor of a white male. He did not, however, file an EEOC complaint following this nonselection. Wilcoxson applied for the same position a third time, in 1981. He was one of eight candidates interviewed in May, 1981 by the Promotion Advisory Board ("PAB"), but was not one of the four finalists whose names were sent to the selecting official. Wilcoxson subsequently filed two EEOC administrative complaints. The only one relevant to the instant appeal alleged that the PAB's failure to recommend him was in reprisal for his having filed the 1975 EEOC complaint. The EEOC found not discrimination, and issued Wilcoxson his "right to sue" letter in June, 1984.
 
 
 3
 Wilcoxson initiated the instant Title VII discrimination action in July, 1984. Prior to trial, Wilcoxson sought to amend his complaint to allege racial discrimination violative of 42 U.S.C. Sec. 1981 (1982), claim that the actions by the Postal Service from 1975 onward represented "continuous discrimination," allege that he had been the subject of a "constructive discharge," and append claims for compensatory and punitive damages in addition to his Title VII claim for back pay. The Postal Service sought to limit Wilcoxson's suit to a determination of whether the PAB's failure to recommend him for the position which he sought was an act of reprisal. A magistrate found that Title VII represents the exclusive judicial remedy for claims of discrimination in federal employment, provides only for the award of back pay and not compensatory or punitive damages, and requires the exhaustion of administrative remedies prior to suit. Consequently, since Wilcoxson had only exhausted his administrative remedies with respect to his claim of reprisal, trial was held following the district court's adoption of the magistrate's report and recommendation only on the issue of whether Wilcoxson was discriminated against in reprisal for his prior filing of the EEOC complaint. Following the presentation of Wilcoxson's case, the district court granted the Postal Service's motion for an involuntary dismissal under Fed.R.Civ.P. 41(b), finding that Wilcoxson had failed to make out a prima facie case of reprisal. The district court issued its findings of fact and conclusions of law, and entered judgment against Wilcoxson, on September 20, 1985. This appeal ensued.
 
 
 4
 Wilcoxson first contends that the district court erred in finding that he failed to establish a prima facie case of reprisal. The district court in the instant case adopted the formulation of Sutton v. National Distillers Products Co., 445 F.Supp. 1319 (S.D.Oh.1978), aff'd, 628 F.2d 936 (6th Cir.1980), that
 
 
 5
 the employee must make out a prima facie case by showing (1) that he engaged in a protected activity (such as filing an E.E.O.C. charge); (2) that the employer knew of this protected activity; (3) that he was subsequently discharged or subjected to other damages; and (4) that the employer had a retaliatory motive or that the timing of its action was such as to allow an inference of retaliation to arise.
 
 
 6
 Id. at 1325-26. Sutton's second and fourth elements together require, in effect, proof of a "causal link" between the protected activity and the adverse employment action. See Melchi v. Burns International Security Services, Inc., 597 F.Supp. 575, 582 (E.D.Mich.1984); cf. Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 375 (6th Cir.1984); Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982).[1] In granting the Postal Service's motion for a Rule 41(b) involuntary dismissal at the close of Wilcoxson's proof, the district court found that Wilcoxson had clearly demonstrated that he had engaged in a protected activity by filing the EEOC charge and had suffered subsequent damage by not being recommended for the position which he sought, but had failed to establish the elements of a prima facie case requiring proof of knowledge of the protected activity and a retaliatory motive. In an appellate review of a Rule 41(b) dismissal in which the lower court has made findings of fact, "the standard is the same as that for reviewing findings of fact by a court following a full trial. That is, the appellate court may not disturb the lower court's conclusion unless clearly erroneous." Hersch v. United States, 719 F.2d 873, 877 (6th Cir.1983) (citation omitted); see also Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 573-74 (1985); West v. Fred Wright Construction Co., 756 F.2d 31, 34 (6th Cir.1985). Thus, our task is to determine if the district court clearly erred in concluding that Wilcoxson had failed to establish knowledge of his protected activity and a retaliatory motive, i.e., a "causal link."
 
 
 7
 Wilcoxson claims that the element of knowledge had been established for him when the Postal Service's attorney in his opening statement "admitted" that the Postal Service had knowledge of Wilcoxson's protected activity in filing the 1975 EEOC complaint by stating:
 
 
 8
 The law in the area dealing with reprisal requires a prima fascie [sic] case by the plaintiff, the first three parts of which he would meet; that he was engaged in a protected activity that was the earlier 1975 EEO complaint[,] that the employer knew it was a protected activity and and [sic] he was subsequently denied the promotion. There's no problem with these three....
 
 
 9
 Joint Appendix 236. Even assuming that this "admission" is legally binding, however, the district court's conclusion that Wilcoxson had failed to make out a prima facie case must still be upheld. The defendant's attorney "admitted" only that the employer, the Postal Service, knew of the protected activity, not that the individual PAB members possessed such knowledge. Wilcoxson offered no proof that the four PAB members who evaluated him and failed to recommend him for the position knew of his filing of the 1975 EEOC complaint.[2] Without proof of their knowledge, however, no retaliatory motive and no "causal link" between Wilcoxson's filing of the EEOC complaint and the PAB's failure to recommend him were established to support a claim of reprisal.
 
 
 10
 Moreover, assuming arguendo that the PAB members had knowledge of Wilcoxson's filing of the 1975 EEOC complaint, there remains an absence of proof establishing that the PAB action was an act of reprisal for Wilcoxson's filing of the 1975 complaint. Although the "causal link" element may be demonstrated by the proximity of the adverse action to the protected activity, Burrus v. United Telephone Company of Kansas, 683 F.2d 339, 343 (10th Cir.), cert. denied, 459 U.S. 1071 (1982), temporal proximity is lacking in this case, since the PAB's employment action adverse to Wilcoxson occurred six years after the 1975 complaint and 14 months following the voluntary settlement with Wilcoxson of that dispute. Under these circumstances, where Wilcoxson completely failed to demonstrate that his filing of the EEOC complaint "was a 'motivating factor,' " Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 287 (1977), in the PAB's decision not to recommend him for the position which he sought, it cannot be said that the district court erred in finding no prima facie case of reprisal. See Blalock v. Metals Trades, Inc., 775 F.2d 703, 712 (6th Cir.1985) ("[I]n order to prove a violation of Title VII, a plaintiff must demonstrate by a preponderance of the evidence that the employer's decision to take an adverse employment action was more likely than not motivated by a criterion proscribed by the statute.").
 
 
 11
 Wilcoxson's contention that the district court erred in denying him leave to amend his complaint is without merit. Postal Service employees have been considered federal employees for Title VII purposes since 1972, see 42 U.S.C. Sec. 2000e-16(a) (1982), and it is well settled that section 2000e-16 "provides the exclusive judicial remedy for claims of discrimination in federal employment." See Brown v. General Services Administration, 425 U.S. 820, 835 (1976). Accordingly, Wilcoxson was precluded from bringing an action alleging racial discrimination violative of 42 U.S.C. Sec. 1981 (1982). Id. at 832-34; see also Day v. Wayne County Board of Auditors, 749 F.2d 1199, 1203-04 (6th Cir.1984). As a consequence, Wilcoxson was also limited to damages in the form of back pay, since compensatory and punitive damages are not available for Title VII actions. Harrington v. Vandalia-Butler Board of Education, 585 F.2d 192, 194 (6th Cir.1978), cert. denied, 441 U.S. 932 (1979).
 
 
 12
 In addition, a federal employee must timely file an administrative complaint with the EEOC before bringing a civil action pursuant to section 2000e-16. 42 U.S.C. Sec. 2000e-16(c) (1982); see Brown, 425 U.S. at 832; Quillen v. U.S. Postal Service, 564 F.Supp. 314, 317 (E.D.Mich.1983). Indeed, Wilcoxson was required to exhaust his administrative remedies with regard to each kind of discrimination that allegedly arose out of his nonselection by the PAB. See Siegel v. Kreps, 654 F.2d 773, 778 (D.C.Cir.1981); Quillen, 564 F.Supp. at 317-19. Wilcoxson, however, does not even challenge on appeal the district court's finding that he had not exhausted his administrative remedies with regard to the claim of racial discrimination or claims arising from his alleged forced retirement from the Postal Service.[3] Accordingly, the district court did not err in limiting Wilcoxson's suit solely to the claim alleging reprisal.
 
 
 13
 Wilcoxson's final contention, that the district court denied him due process by treating him as having rested his case when he was unable to secure the attendance of some witnesses, is also without merit. Although the district court informed both parties on Wednesday, September 11, 1985 that trial would commence on Friday, September 13, 1985, Wilcoxson's counsel had been on notice since June 26 of the approximate time when trial in his case would begin, and should have anticipated the necessity of making his witnesses available. In addition, the record establishes that Wilcoxson's counsel waited until Friday before even attempting to subpoena the witnesses which he desired. Moreover, when Wilcoxson's counsel discovered that his witnesses had not shown up on Monday, he did not so much as request a continuance from the court. Finally, the proffered testimony of these witnesses demonstrates that their appearance and testimony would have either been cumulative or irrelevant to establishing Wilcoxson's prima facie case of reprisal. Under these circumstances, the district court did not deny Wilcoxson due process by failing to continue the trial on its own motion.
 
 
 14
 In light of the foregoing, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Specifically, Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370 (6th Cir.1984), held that a plaintiff bears the burden of establishing: "(1) that he engaged in activity protected by Title VII; (2) that he was the subject of adverse employment action; and (3) that there exists a causal link between his protected activity and the adverse action of his employer." Id. at 375. Cohen v. Fred Meyer, Inc., 686 F.2d 793 (9th Cir.1982), held that a plaintiff must establish that he engaged in a protected activity, that he was thereafter subjected by his employer to adverse employment action, and that a causal link exists between the two. Id. at 796
 
 
 [2]
 In fact, Wilcoxson failed to establish any prior knowledge on the part of three of the four PAB members about anything concerning his employment. The only PAB member with which Wilcoxson could clearly establish a prior association was his supervisor, Mr. Ruben Fowlkes, a black man who ranked Wilcoxson third among the eight applicants
 
 
 [3]
 Wilcoxson is not saved from this failure to exhaust his administrative remedies by claiming that the Postal Service engaged in a continuing practice of discrimination against him, since a finding of continuing discrimination merely tolls the statutory period for filing an administrative remedy, rather than excuses the necessity for exhausting administrative remedies altogether. See Held v. Gulf Oil Co., 684 F.2d 427, 430 (6th Cir.1982)